OCTAVIA BOYCE AND HENRY BOYCE, Plaintiffs in Error, *v.* HENRY BAKEWELL, JOSEPH M. BRANCH, AND SUSANNAH SUMMERS, EXECUTORS OF STEPHEN F. SUMMERS, Defendants in Error.

*Landlord and Tenant—Lease—Assignment.*—If a lessee makes a general assignment " of all his property whatsoever," or of "all his property of every sort and description," for the benefit of his creditors, the trustee becomes bound as assignee of the lease if he accept the assignment and enter under the lease. The question to be determined in such case is, whether the assignee accepted the premises as tenant of the lessor and as assignee of the interest of the lessee.

### Error to St. Louis Circuit Court.

*Wickham* and *Hamilton,* for plaintiffs in error.

There can be but little doubt that the assignment operated to transfer the lease to Summers, and still less doubt that Summers as assignee accepted the lease and actually occupied the premises under it.

I. The assignment is general for the benefit of all of the assignor's creditors, and purports to be made with the intention of " applying all of his property of every kind and description to that purpose." The terms of transfer are, " all of the property of the party of the first part, of every nature, kind and description, consisting of goods, wares and merchandise, hardware, books, notes, accounts, fixtures and

store furniture, contained in the store-house now occupied by the party of the first part, known as No. 137 North Third street, in the city of St. Louis." In other words, the assignor denotes his intention to transfer everything, and the assignment is accordingly, of all of his property. The superadded words are but an attempt to particularize the constituents of the property. Such a specification is only a defective enumeration, and does not limit or cut down the transfer to the specified articles. This was the construction put upon the instrument by the parties themselves—Platt v. Lott, 17 N. Y. 478 ; Turner v. Jaycox, 40 Barb. 164 ; Burchell v. Strauss, 28 Barb. 293 ; Nye v. Van Husan, 6 Mich. 341-2 ; Ely v. Hair, 16 B. Mon. 239 ; Goddard v. Wagner, 2 Stro. Eq. 10 ; Jarnagan v. Conway, 2 Humph. 51.

II. Summers, through his agent Henry W. Miller, occupied and used the premises from the time of the assignment, December 1, 1860, until his own transfer to Beardslee in the spring of 1862. The assignment by Summers to Beardslee was sufficient to pass the leasehold interest. There was such an acceptance of the lease and dealing with the property as made Summers liable for the stipulated rent for the time he was in possession—Dorrance v. Jones, 27 Ala. 630 ; Burr. on Assign. 475-6, 540 ; Morton v. Pinckney, 8 Bosworth, 135 ; Carter v. Warne, 4 Car. & P. 191 ; How v. Bennett, 3 A. & E. 659.

III. The instruction for the plaintiffs, and the third given for the defendants, are in conflict. The first of these (based on Carter v. Warne, 4 Car. & P. 191) acknowledges the right of action, if, as was fully proven, Summers deprived the plaintiffs of the beneficial enjoyment of the property, or dealt with it as if the lease were vested in him ; while the other in effect denies all right of recovery under any possible aspect of the case ; for there was no pretence that the lease to Miller had been surrendered.

*Knox & Smith*, for defendants in error.

The court will perceive that the deed of assignment, shown

in evidence, was not a general assignment for the equal bene-
fit of all creditors, but an assignment of special property for
the benefit of those named. The deed of assignment did not
convey the lease in question. Summers never had any in-
terest in the lease, and the principle that the assignee is
liable, for the time he holds as assignee, does not apply in
this case. Summers was only a sub-tenant of Miller, and his
liabilities are no greater and not different from what they
would have been had he been the assignee of some third
person, and received the goods into this store as Miller's ten-
ant.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs exhibited their demand in the Probate Court of
St. Louis county, against the executors of Stephen F. Sum-
mers, claiming the sum of $1,133.33 for rent of a three-story
brick building on Third street, for the period of seventeen
months, at the rate of eight hundred dollars per annum. The
Probate Court allowed the sum of five hundred dollars, and
the defendants appealed to the Circuit Court, where a trial
was had and judgment given for the defendants.

To reverse this judgment, the plaintiffs bring the cause
here by writ of error. On the trial, the plaintiffs gave in evi-
dence a lease from them to one William W. Miller, of the
premises described, for the period of five years, dated June
1, 1857, at the annual rent of $800, payable in monthly in-
stalments. Second, an assignment dated December 1, 1860,
by the lessee Miller to Stephen F. Summers, for the benefit
of the assignor's creditors, wherein he "sells, aliens, trans-
fers, assigns, conveys and delivers" to the said Summers all
of his property "of every nature, kind and description, con-
sisting of goods, wares and merchandise, hardware, books,
notes, accounts, fixtures and store furniture, contained in the
house" occupied by the assignor. Third, a deed of assign-
ment executed by Summers to Reuben Beardslee, dated Feb-
ruary 5th, 1862, though not acknowledged till the first day
of May thereafter, by which Summers conveyed to Beardslee

the above property, for the trusts and purposes described in the deed from Miller to him. Evidence was then given tending to prove that Summers took possession of the store-room by his agent, and the goods therein contained; that the goods were of the value of $4,000, and that the stock was increased from time to time and kept at about that amount during the time they were under the control and in the possession of Summers, viz., from the first of December, 1860, to the first of May, 1862; that Miller occupied the upper stories of the house by himself and tenants, and that Summers had only the first story, or store-room. Demand was made several times on Summers for rent, who always replied he would see Miller and have it paid.

In behalf of plaintiffs, the court, in substance, declared the law to be, that if Summers had by himself or agent so acted as to render the premises in question less valuable, or as if the lease was vested in him, then there was an implied undertaking to pay plaintiffs what the premises were reasonably worth during the continuance of such acts.

Three propositions of law were then declared for defendants: First, that the action cannot be maintained unless the plaintiffs proved the existence of a tenancy between them and defendants. Second, that although defendant may have been in the possession of the premises, yet unless he was there as tenant of plaintiffs, the plaintiffs cannot recover. Third, if the plaintiffs leased the premises in question to Miller, and the lease was still in existence at the time the defendant was in possession of the premises, the plaintiffs cannot recover.

The trial was before the court, a jury being dispensed with by both parties. It is necessary in arriving at an intelligent conclusion, to ascertain whether the lease passed by the assignment to the assignee. The assignor declares that he is indebted to certain persons, and that " he is unable to provide, promptly and at maturity, money for all of his obligations and indebtedness, but is desirous of applying thereto all of his property of every kind and description." He then

assigns and conveys to the assignee all his property "of every nature, kind and description, consisting of goods, wares, merchandise, etc., contained in the store-house occupied" by him. He then proceeds to authorize the assignee to collect all notes, accounts, choses in action, which are due and owing to him, or which may become due, and with the proceeds arising from the sale of the assigned property, and from collections, he is to pay, first, the expenses of executing the trust, and the balance to certain designated creditors.

It must first be determined whether the enumeration of the articles and choses in action, purporting to be assigned and conveyed, has the effect of restraining the general clause which speaks of all the property of every nature, kind and description. Where in the granting clause in an assignment the language was, "all the goods, property, wares, merchandise, etc., belonging to, and now due and owing to the said assignor, or to which and in which he has any right, property, claim or demand, which said goods, wares and merchandise hereby granted and sold, are particularly described and enumerated in the schedule A.," etc., it was held that the clause in respect to the schedule was so intimately connected with the granting clause, that the words " hereby granted and sold " operated as words of limitation, and expressly confined the transfer to such goods as were mentioned in the schedule—Wilkes v. Ferris, 5 Johns. 335. In Platt v. Lott, 17 N. Y. 478, an action was brought to recover possession of certain personal property taken by the defendant as sheriff, upon an execution against certain assignors. The plaintiff claimed the property by virtue of an assignment made to him by the assignors, the execution debtors, in trust for the payment of debts, and the question was, whether the title to the property levied upon by the sheriff was vested in the assignee. The deed of assignment commenced by reciting that the parties of the first part were " indebted to divers persons in divers sums of money," and that they were " desirous of providing fully for the payment thereof by an assignment of

all their property and effects for that purpose." It then proceeded to assign and transfer to the plaintiff the property of the assignors, described in the following terms:—"All and singular the lands, tenements, hereditaments and appurtenances, goods, chattels, stocks, promissory notes, debts, choses in action, claims, demands, property and effects of every description belonging to the parties of the first part, or in which they have any right and interest whatsoever; the same being more fully and particularly enumerated and described in a schedule thereof hereunto annexed, marked ' Schedule A.' " By a subsequent clause, the assignee was authorized " to ask, demand, recover and receive, of and from all and every person and persons, all the property, debts and demands belonging and owing to said parties of the first part." The schedule annexed to the assignment embraced property to the amount of several thousand dollars, but did not include the property in controversy. The assignment was made in trust to sell and dispose of the property, to collect the debts and apply the proceeds, and it was admitted on trial that the property in question never passed to the assignee, but was actually delivered by the assignors to the plaintiff the day after the assignment was executed, and was in his possession when it was levied on by the defendants.

It was contended on the part of the defendants, that the general words of the assignment were limited and controlled by the specifications contained in the schedule, and that nothing passed to the assignee except the property enumerated. But the court held that the language in the granting clause was sufficiently broad and comprehensive to transfer all of the assignor's property, and that it passed and vested in the assignee, whether enumerated in the schedule or not. And so it is now well settled, that if the lessee make a general assignment of " all his property whatsoever," or of " all his property of every sort and description," for the benefit of his creditors, the trustee becomes bound as assignee of the lease, if he accepts the assignment and enters under the

lease—Dorrance v. Jones, 27 Ala. 630; Herwitz v. Davis, 16 Md. 313.

But there must be an acceptance by the assignee, and an entrance on the leased premises, under and by virtue of the assignment. A lease is deemed property, or not, in such an assignment, at the election of the assignee; and until he accepts it or elects to enter under it, it will not be binding on him. Instead of being property, it may be a heavy encumbrance; a debt instead of a benefit—Carter v. Hammett, 12 Barb. 253. But if he goes on the premises, and actually occupies them under the assignment, he will be liable for use and occupation as tenant, for the time he is so in possession. The question to be determined in all such cases is, whether the assignee occupied the premises as tenant of the lessor and as assignee of the interest of the lessee.

If the jury respond affirmatively to this inquiry, the plaintiff is entitled to recover. The deed of assignment was sufficiently comprehensive to transfer and convey the lease to the assignee, and if he accepted it and went into possession under it, his liability became absolute.

The third declaration of law given by the court for defendants, was, that plaintiffs could not recover if the lease from plaintiffs to Miller was in existence during the time defendant was in possession of the premises. This was clearly wrong.

The judgment will be reversed, and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.