SAMUEL ECKER, Respondent, v. CHICAGO, BURLINGTON, AND QUINCY RAILROAD COMPANY, Appellant.

### January 13, 1880.

1. A lease made to a railroad by name is binding though there be no corporation of that name, where it appears that at the time the road was owned by an individual who was carrying on the business of the road under the name employed in the lease.

2. The powers of the general agent of the owner of a railroad are such as will warrant him in executing a lease of property to be used as a ticket-office for the road.

3. A lease of all the property, rights, and franchises of a railroad is such a general assignment as will bind the person taking thereunder as assignee of a lease made to the road, if the assignee accepts the assignment by entering into possession.

4. Where one not the lessee is in possession of leased premises, the presumption is that he is in as assignee of the lease, and the burden is on him to show the character of his possession.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

GARLAND POLLARD, and SWEENEY, JACKSON & WALKER, for the appellant: The lease in question was void for want of a grantee or lessee. —*Chase* v. *Palmer*, 29 Ill. 398; *Douthitt* v. *Stinson*, 63 Mo. 268; Wag. Stats. 879, sect. 13. Contracts of a corporation should be attested by the corporate seal. — *Perry* v. *Price*, 1 Mo. *664. No assignment of the lease as pleaded was shown. — Greenl. on Ev., sect. 239; 3 Ph. on Ev. 466; *Ried* v. *Stephens*, 120 Mass. 209; *Dougherty* v. *Matthews*, 35 Mo. 520.

JOHN D. DAVIS, for the respondent: Where a name is assumed which implies a corporate body, a contract made in that name will bind the parties making it. — *Barbaro* v. *Grove*, 5 Mo. App. 429; *Griffin* v. *St. Louis Assn.*, 5 Mo. App. 595; *Express* v. *Bedbury*, 34 Ill. 466; *Stoddard* v. *Onondaga*, 12 Barb. 573. Where one enters into possession under a lease, he is estopped to deny its validity. — *Grant* v. *White*, 42 Mo. 285. The fact of demised

premises being found in the possession of one not named in the lease raises a presumption that he is in as assignee of the lease, and not as undertenant, especially if it appears that he has paid rent to the original landlord. — Taylor's L. & T., sect. 429; *Acker* v. *Witherell*, 4 Hill, 112; *Bedford* v. *Terhune*, 30 N. Y. 453; *Williams* v. *Woodward*, 2 Wend. 487; *Quackenboss* v. *Clark*, 12 Wend. 555; *Armstrong* v. *Wheeler*, 9 Cow. 88; *Benson* v. *Bolles*, 8 Wend. 175; *Ebling* v. *Fuylein*, 2 Mo. App. 252.

BAKEWELL, J., delivered the opinion of the court.

This is an action by plaintiff as assignee of the lessor, against defendant as assignee of the lessee, for rent for four months and a half of the term, at the rate reserved in the lease. There was a verdict and judgment for plaintiff for the amount claimed with interest, and defendant appeals.

The facts are undisputed, and are as follows : —

The Rockford, Rock Island, and St. Louis Railroad Company, a corporation, operated a road between the points from which it takes its name, until February, 1874, when the property of the road was placed in the hands of a receiver. On December 9, 1875, the road was sold by order of court, and purchased by one Osterberg, who operated the road under the name of the Rockford, Rock Island, and St. Louis Railroad, Osterberg, agent, till May 18, 1876, when he conveyed it to a new corporation called the St. Louis, Rock Island, and Chicago Railroad Company, which operated the road until February 1, 1877, when it leased the road to appellant, the Chicago, Burlington, and Quincy Railroad Company, which has had control ever since.

Whilst Osterberg had control of the road as purchaser, under the name of the Rockford, Rock Island, and St. Louis Railroad, George Skinner acted under Osterberg as general manager of the road. The lease in question is dated December 22, 1875, is made by one Finkbine as lessor, is for a

term of four years and three months from January 1, 1876, at $1,500 a year, payable monthly in advance. The Rockford, Rock Island, and St. Louis Railroad is named in it as lessee, and it is executed by Finkbine, and by Skinner, who signs as general manager of the Rockford, Rock Island, and St. Louis Railroad. Skinner went into possession of the demised premises, and used them as a ticket-office of the Rockford, Rock Island, and St. Louis Railroad until the date of the lease to defendant in February, 1877, when appellant continued in possession, using the room for the same purpose. The lease was assigned to plaintiff by the lessor in February, 1878. The rent was regularly collected by an agent, who had no knowledge of any change of possession until, in November, 1877, the present defendant, requested that the bills for rent be made out in its name, which was thenceforth done. There was never any written assignment of the lease to defendant, except as hereinafter stated, and defendant had no actual knowledge of the existence of the lease until a duplicate of the lease was found in a drawer with other papers of the road by the officers of defendant. Prior to this discovery, the bills for rent were monthly audited by the proper officer of defendant, at the rate of $125 a month, solely because he ascertained that that was the rent paid by the former occupant. On July 10, 1878, defendant gave written notice to the lessor that it would vacate the premises at the end of the coming month of August, and actually gave up possession of the room and left the key at the office of plaintiff's agent on August 24th.

The court, at the instance of defendant, instructed the jury that, to recover, plaintiff must show that there was a written lease from Finkbine to the Rockford, Rock Island, and St. Louis Railroad, and that his lease was assigned in writing by Finkbine to plaintiff, and that said Rockford, Rock Island, and St. Louis Railroad entered under the lease and assigned the same in writing to defendant. The court further instructed that the conveyances from the mas-

ter in chancery to Osterberg, from him to the St. Louis, Rock Island, and Chicago Railroad Company, and the lease from that company to defendant, are not an assignment of the lease.

The court refused an instruction to the effect that plaintiff, in order to recover, must prove that the lease offered in evidence was executed by the Rockford, Rock Island, and St. Louis Railroad, or by some one authorized by it to execute the same, and that the said railroad was at the time duly incorporated.

And the court instructed that, if the jury believe from the evidence that defendant is the assignee of the lease as indicated in the other instructions, and that the rent reserved was due, etc., they will find for plaintiff at $125 a month, with interest.

There was a verdict and judgment for plaintiff for the amount of his claim, and defendant appeals.

As there is no question about the facts, the judgment should not be disturbed if these warrant a recovery, and that is the only question before us for examination.

The lease, we think, was good enough as a lease to Osterberg, who seems to have been doing business under the name of the Rockford, Rock Island, and St. Louis Railroad. If he took the lease under that name, it would bind him by the name he assumed, and it is immaterial that there was no corporation of the name of the lessee. As to the authority of Skinner, his powers as general agent of the railroad would warrant the execution by him of a lease for a room to be used for a ticket-office.

The fact of the assignment of a lease is one of which the lessor may not be cognizant, but the party in possession necessarily knows whether he is in as assignee or no. It is for him, therefore, to disclose the true state of his title; and if there has been a lease, and the lessor finds one in possession who is not the lessee, the lessor is warranted in presuming that he is in as assignee of the term. Defendant being

in possession paying rent, was in, *prima facie*, as assignee of the term. If such be not the fact, it is open to the one in possession to explain what the real character of his possession is. He may show, for instance, that the lease is at an end, and that the term had expired when he entered, if such be the fact, or that he was in as subtenant. Taylor's L. & T., sect. 429.

In this case, what is the explanation? Defendant was in as assignee, apparently, of the original lessor. The premises were occupied from the first, and all the time, as the ticket-office of a railroad, owned at first by Osterberg, the original lessor, then sold by Osterberg to the St. Louis, Rock Island, and Chicago Railroad Company, which continued to occupy and pay rent for these premises, using them for the same purpose of a railroad ticket-office, and was then leased to defendant, which remained in possession of the premises, paying rent.

The lease to defendant, dated February 1, 1877, sets forth that the lessor, the St. Louis, Rock Island, and Chicago Railroad, is authorized to construct a road from Sterling to East St. Louis, and owns and is operating that road; that for the purpose of constructing the same, it had executed bonds; and to secure these bonds, has mortgaged to trustees named the road, road-bed, rights of way, superstructure, grounds, depot-buildings, equipment, leases, contracts, and all its property, rights, and franchises; and to secure the equipment of the road and payment of interest, it makes this lease. The instrument then " grants, demises, leases, assigns, and transfers," to the end of the chartered existence of the lessor, that is, for fifty years, and during any renewal of the charter, subject to the mortgage, its roads, road-beds, and rights of way, which are described; its contracts with other roads, which are also described; " all lands and depot-grounds, station-houses, depots, viaducts, fences, material, engines, tenders, cars, machinery, and all rolling-stock, and all rights, privileges, and franchises of

said party of the first part, relating to said railroads, with the revenues and incomes to be derived therefrom, intending hereby to include all machine-shops and the implements and tools contained therein, though not specifically mentioned." The lessee covenants, *inter alia*, to take possession of all the demised premises of which it is not in possession, as of date October 1, 1876, and to pay all taxes and assessments charged in the same.

Where a lessee makes a general assignment of all his property, the person taking under such general assignment becomes bound also as assignee of a lease owned by the assignor, though the lease be not specifically named, if the general assignee accepts the assignment by entering into possession. *Boyce* v. *Bakewell*, 37 Mo. 492. This instrument, called a lease, seems to be a general assignment to the party of the first part of all the property, of every description, connected with the roads in which it was interested, and is evidently intended to put the lessee or assignee in the shoes of the assignor. It was manifestly intended to pass, as between the parties, any outstanding terms of leases of buildings used, as were the premises in question, for the business of the road; and we do not perceive why this assignment is not sufficiently general in its terms to include the lease of this ticket-office, and to hold defendant, if it took possession of the ticket-office in virtue of this general assignment, as it would seem to have done.

It appears that the general manager of defendant had no actual knowledge of the lease of the ticket-office at the time he took possession, nor until he subsequently found the written lease amongst other papers which came into his custody as having belonged to the old company. He remained in possession after he knew of the lease, and continued to pay rent as before, without objection and without explanation. Defendant was in as an occupant in a way that the landlord, who was in the dark as to this change of occupants, could not disturb; and having had all

the benefits of a written assignment, he now seeks to escape the obligation on the ground of a supposed insufficiency of the instrument of assignment, and because it nowhere makes specific mention of the unexpired terms of any premises which might have been leased to the assignor for the purposes of the road.

On the whole, we think this lease or assignment sufficiently general in its terms to include the premises in controversy. The judgment, therefore, appears to be for the right party, on the undisputed facts of the case. The court below did not take this view, and the verdict of the jury is in the teeth of the instructions of the learned judge of that court. But we do not see that error has been committed to the prejudice of defendant, and the judgment should therefore be affirmed. All the judges concur.