## THE CONSOLIDATED COAL COMPANY OF ST. LOUIS

### *v.*

### JOSHUA S. PEERS.

*Opinion filed December 16, 1903.*

1. PLEADING—*entire pleading must be construed in determining character of allegations.* In determining whether allegations in a pleading are surplusage or matters of inducement the entire pleading must be considered and construed.

2. SAME—*objection of duplicity must be taken by special demurrer.* A count which alleges several grounds of liability for a single demand is open to the objection of duplicity on special demurrer but is not open to general demurrer upon the ground of surplusage.

3. LEASES—*assignee must perform covenants running with land.* The assignee of a lessee is bound, by reason of privity of estate, to perform all express covenants which run with the land.

4. PRACTICE—*practice where issue of fact is raised on one count and issue of law on another.* Where an issue of fact is raised on one count but defendant refuses to plead over upon the overruling of his demurrer to another count, judgment, as by *nil dicit*, should be entered on the latter count and the issue of fact should be tried under the former count, and on such trial the court should submit to the same jury the assessment of damages under the judgment by *nil dicit*.

5. SAME—*what an abandonment of count.* Where an issue of fact is joined upon one count and a judgment by *nil dicit* is entered on another, if the parties waive a jury and agree that the court may execute the writ of inquiry and assess damages under the latter count, the former count must be regarded as abandoned.

*Consolidated Coal Co.* v. *Peers,* 97 Ill. App. 188, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

This is an action of assumpsit brought by the appellee, against the appellant, in the circuit court of Madison county, to recover certain royalties alleged to be due upon a mining lease bearing date December 17, 1870, made by the appellee to the Abbey Coal and Mining Company and assigned by said coal and mining company on August 11, 1886, to the appellant. A judgment was

rendered against the appellant for the sum of $3600, which has been affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The litigation growing out of the execution and assignment of said lease has been protracted, this being the third time the question of the liability of the appellant thereon has been before this court. The first case is reported in 150 Ill. 344, where a judgment against the appellant for $1200 was affirmed. The present case is reported in 166 Ill. 361, where a judgment against the appellant for $3600 was reversed by reason of an error of the trial court in striking from the files a plea filed by appellant in that court. After the case was remanded to the circuit court a new declaration in lieu of the one upon which the case had before that time been tried was filed, which contained three counts. A plea was filed to the first count, which concluded to the country, to which the *similiter* was added, and the issue on which remains undisposed of upon the record by any affirmative action of the court. To the second count two pleas were filed. A replication was filed to the pleas, a rejoinder was filed to the replication, and a demurrer was interposed to the rejoinder, which was overruled. A judgment was rendered against the appellee for the costs accruing on the second count, and the appellee has assigned no cross-errors. A general demurrer was overruled to the third count, and the appellant having refused to plead over, judgment *nil dicit* was rendered in favor of the appellee. A writ of inquiry was executed by the court without a jury, by consent of the parties, and appellee's damages were assessed at $3600, and judgment was rendered in his favor on that count for said sum.

Two grounds are urged for a reversal of the judgment: First, the court erred in overruling appellant's demurrer to the third count of the declaration and in rendering judgment for appellee for $3600; and second, the court

erred in rendering judgment for appellee on the third count without disposing of the issue made on the first count of the declaration.

CHARLES W. THOMAS, for appellant.

JOHN G. IRWIN, WILLIAM H. KROME, and WILLIAM G. BURROUGHS, for appellee.

Per CURIAM: The Appellate Court, in disposing of the first contention of the appellant, used the following language:

"As to the error which brings in question the judgment of the court in overruling appellant's demurrer to the third count of plaintiff's declaration, it is insisted by counsel for appellant that much of the count is mere inducement, and that the essential ground of the action is the claimed consolidation of the Abbey company with appellant, and that if the pleading fails to show that there was such a consolidation, then the demurrer was wrongfully overruled. Whether matter alleged in a pleading is inducement or surplusage must be determined by a sound construction of the entire pleading.    *   *   *

"The allegations that the Abbey company made a deed to appellant, containing certain agreements, which deed was accepted by appellant, and that appellant went into possession of the leasehold estate, were all immaterial matters if the appellee was grounding his action on the claimed consolidation, only. In no sense can they be taken to be in necessary explanation of the main groundwork of the count, if construed as a count for consolidation, only. Ought these allegations to be considered as mere surplusage? The allegation that the deed contained an agreement 'subject to the performance of the agreements therein mentioned to be performed by the lessee,' shows that the pleader relied upon the privity of contract that the law, in a proper case, may say exists; and the fact that the pleader says 'that the defendant thereupon took possession of the property by said deed con-

veyed to it, and from thence until the commencement of this suit has had the use, control and enjoyment thereof,' etc., shows that the pleader was relying for a recovery on the grounds of privity of estate existing between appellee and appellant as the assignee of the lessee, the Abbey Mining Company. To denominate that kind of pertinent allegations as surplusage when they are attacked in no way except by a general demurrer, merely because there is in the same count an attempt to hold appellant liable on the theory of a consolidation, would be to construe away essential allegations without authority of law. We are of the opinion that the count should be regarded as presenting a double, or possibly a treble, ground of liability for a single demand. In other words, the count must be regarded as containing the fault known in pleading as duplicity, and such a fault can be reached only by special demurrer. * * *

"By the allegations already quoted, appellant is admitted to have received an assignment of the leasehold estate from the Abbey company, and the demurrer admits that appellant was in possession of the estate from September 20, 1891, to September 20, 1894. An assignee of a lessee is bound, by reason of the privity of estate, to a performance of all express covenants which run with the land. *Consolidated Coal Co.* v. *Peers,* 166 Ill. 361; *Sexton* v. *Chicago Storage Co.* 129 id. 318; *Webster* v. *Nichols,* 104 id. 160."

We have examined the third count of the declaration, which is set out in full in the opinion of the Appellate Court, (97 Ill. App. 188,) and agree with the reasoning and conclusion of that court, and are of the opinion that while the count is inartificially drawn it is not vulnerable to a general demurrer, but states sufficient facts to entitle the appellee to recover, and that the court properly overruled the demurrer to said count.

As to the second contention, we agree that the court erred in rendering judgment in favor of the appellee on the third count without disposing of the issue made on

the first count, but are of the opinion that such error was invited by the appellant and that it waived the right to take advantage of such error. The correct practice upon the appellant refusing to plead over, except for the agreement of the parties, would have been for the court to have entered a judgment as by *nil dicit* on the third count and then to have empaneled a jury to try the issues of fact upon the first count, and on that trial to have submitted the assessment of damages under the judgment by *nil dicit* to the same jury, so that there would be but one judgment. (*Keeler* v. *Campbell*, 24 Ill. 288; *Klein* v. *Wells*, 82 id. 201.) The record shows, however, that the court, upon overruling the demurrer to the third count, gave judgment *nil dicit* in favor of the plaintiff and awarded a writ of inquiry to ascertain the plaintiff's damages, whereupon, "the said writ of inquiry coming on to be heard before the court without a jury, by consent of parties, the court, after hearing the evidence, finds the plaintiff's damages to be the sum of three thousand six hundred dollars ($3600)," and adjudged that the plaintiff have and recover of and from the defendant the said sum, etc. The appellant having agreed that the court might proceed to execute the writ of inquiry without a jury, and the damages of the appellee having been assessed and judgment rendered in his favor by virtue of such agreement, we are at a loss to know upon what principle appellant can now ask a reversal of that judgment in this court by reason of such action of the court.

The parties having waived a jury and agreed that the court might assess the damages under the third count, such action amounted to an abandonment of the first count. The first and second counts of the declaration having been eliminated, the third count was the only count of the declaration undisposed of at the time judgment in favor of the appellee was rendered upon that count. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*