### PEOPLE v. GERMAN BANK.

#### In re BETTINGER.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE—WHAT CONSTITUTES.
   One bank, to accomplish voluntary liquidation of its affairs, "pledged" to another bank its assets, etc., as security for advances to pay depositors, etc., and agreed, upon request, to make transfers of any particular portion

of its assets necessary to comply with the statute respecting the recording of instruments, so as to enable the assignee bank to prove its rights; the assignee bank being entitled to interest on advances and a fee for its services. The assignor bank owning fixtures, etc., used in an outside business and a lease of the premises where it was conducted, the assignee bank took possession thereof, and held the premises a month beyond the term of the lease. *Held*, that the assignee bank was liable to the lessors for the unpaid rent accruing while it occupied the premises, as being in effect at least an assignee of the lease; the interest acquired by it under the liquidation agreement being more than that of a mere pledgee.

2. SAME—DEFENSES—ELECTION—WHOM TO SUE.

That the claimant of such rent, before presenting his claim to the receiver of the assignee bank, sued the assignor bank to enforce payment, does not affect his right to recover against such receiver, as the obligation of the assignor bank on its convenant to pay the rent remained notwithstanding the transfer of the lease by the liquidation agreement; no surrender of the original lease appearing.

3. PLEDGES—DEFINITION.

A pledge is a delivery of goods by one to his creditor to be kept until the discharge of the debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Pledges, § 1.

For other definitions, see Words and Phrases, vol. 6, pp. 5412, 5416; vol. 8, p. 7756.]

Appeal from Judgment on Report of Referee.

Action by the people of the state of New York against the German Bank, Albert J. Wheeler, receiver, in which Albert A. Bettinger filed a claim. From a judgment for claimant, the receiver appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles Diebold, Jr., for appellant.

Charles H. Ribbel, for respondent.

ROBSON, J. On August 10, 1901, the Metropolitan Bank of Buffalo, N. Y., made a contract with the German Bank of the same city, the purpose of which was, as therein stated, to accomplish the voluntary liquidation of the affairs of the Metropolitan Bank, and thereby avoid as far as possible the expenses incident to a receivership. For some time prior to making the liquidation agreement, the Metropolitan Bank had been the owner of the stock and fixtures used in the conduct of a saloon and restaurant business in Buffalo, and had on or about June 1, 1901, made a lease for the term of 11 months with the owners of the premises where the business was carried on. The stock and fixtures and the lease were assets of the Metropolitan Bank when the liquidation agreement was made. The evidence fairly supports the finding of the referee that the German Bank took possession of the premises described in said lease and the stock and fixtures therein and thereon on August 10, 1901, and occupied said premises with said goods, furniture, and fixtures and used the same continuously until June 1, 1902. The possession thus taken and the continued occupation of the premises by the German Bank were under the liquidation agreement. Prior to the agreement the Metropolitan Bank had paid

the rent of the premises for the month of June; and thereafter the rent for the months of July and August was paid. No further payments of rent were made. The claim allowed by the referee was for .the rent of the premises accruing from September 1, 1901, to June 1, 1902, at which time possession of the premises was taken by the owners; the German Bank having held over for one month beyond the term limited by the lease.

The question to be determined on this appeal is, therefore: Was the referee right in holding that the German Bank was liable to the lessors for the unpaid rent accruing during the time it occupied the premises? In determining this question it is necessary to recur to the liquidation agreement. This agreement, after some preliminary and explanatory recitals, to one of which reference has already been made, provides as follows:

"First. The party of the first part hereby pledges to the party of the sec-. ond part all and singular its assets, property and effects of every name, nature and kind as security for the advance hereinafter specified, and it agrees that it will when and as requested, by proper assignment and special instrument in each case, make valid transfers of any particular portion of such assets necessary to comply with the statute regarding the recording of instruments and so . as to enable the second party to make proper, adequate and easy proof of its rights in the premises."

The German Bank then agrees to advance to the Metropolitan Bank sufficient moneys to pay all depositors of the latter in full and sufficient moneys to carry the latter's incumbered real estate, without obligation, however, to pay any part of the principal of the incumbrances. On all advances the German Bank was to receive 6 per cent. interest until paid, and the further sum of $20,000 for its services. It further provides for the conversion of the assets as speedily as possible, the German Bank to have at all times the control as to the method of such conversion.

It is urged by the receiver that the effect of this agreement was, at least so far as the lease in question is concerned, to give the German Bank no other right therein, or claim thereon, than that of a pledgee; but this does not seem to be, either what was intended to be, or what was in fact, expressed by the liquidation agreement. Under this agreement the German Bank necessarily had authority to take possession of all the property of the Metropolitan Bank for the purpose of disposing of it, and had the absolute right of determining how and at what times it should be disposed of. The interest thus acquired by the German Bank was much more than that of a mere pledgee of the property. No notice to the Metropolitan Bank of the sale or other disposition of the property, such as must necessarily have been given had there been a mere naked pledge of the property, was required by the terms of the agreement, nor contemplated by the parties thereto. In addition to this, a large amount of the property transferred by the agreement was real estate, as the agreement itself recites, and real estate is not property, which in the strict legal sense of the term can be pledged. A pledge is defined to be "delivery of goods by a debtor to his creditor to be kept till the debt be discharged." Jones on Bail-

ments, 117; 2 Kents' Com. 577. Whatever the interest in this property which the German Bank acquired under the agreement may have been it certainly was greater than that of a mere pledgee. Under the express provisions of this agreement, the German Bank could have sold the lessee's interest in these premises, and, on demand, the lessee would have been bound, as the agreement expressly provides, to execute a formal assignment thereof to the purchaser, if that had been necessary to complete the transfer. Instead of selling the lessee's interest in the premises, the German Bank chose to take possession thereof, and occupy the same during the unexpired portion of the term and for one month beyond. We think that, as to the premises in question, the relation which existed between the lessors and the German Bank, after the latter took possession thereof under the liquidation agreement so long as that possession continued, was that somewhat elusive and uncertain one, which is known in the law as privity of estate; and that, in effect at least, the bank became liable as assignee of the lease during the period it occupied the premises. Even a mortgagee in possession under similar circumstances would have been liable for rent accuring during his possession. Astor v. Hoyt, 5 Wend. 603. Foundation and reason for this liability seem in this case to exist at least equal to those which appear in the case of a receiver who has taken possession of, and occupied, leased property, forming part of the estate he represents, which are thus expressed in the opinion of the court in Woodruff v. Erie Railway Co., 93 N. Y. 609–624. "He could not take possession of the (leased) property and enjoy its use and occupation without incurring a liability for the payment of rent under the lease by which his predecessor secured possession. The principles which govern the liability of an assignee of a lease seem to be applicable to the case of a receiver, and he would be equitably and legally chargeable with the payment of rent under the lease for such time as he continued to occupy the property demised." Frank et al. v. New York, Lake Erie & Western R. R. Co., 122 N. Y. 197–215, 25 N. E. 332–336. It seems that the liquidation agreement transferred to the German Bank this lease as a part of the assets of the Metropolitan Bank subject only to a liability on the part of the former to account to the latter for its proceeds by application thereof in liquidation of so much of the claim of the German Bank thereafter accruing; and, the German Bank having by virtue of this transfer entered into the possession and continued the occupation of the leased premises during and beyond the term of the lease, its position as assignee of the lease with its attendant liability to the lessors for payment of the rent as an assignee thereof became fixed.

The fact that the claimant respondent prior to presenting this claim to the receiver of the German Bank had begun an action against the Metropolitan Bank to enforce its payment by the latter is of no consequence as affecting his right to enforce the present demand against the receiver. The obligation of the Metropolitan Bank on its covenant to pay the rent thereby reserved still remained, notwithstanding the transfer of the lease by the liquidation agreement, no surrender of the original

lease appearing. Walton v. Cronly's Adm'r, 14 Wend. 64; Ranger v. Bacon, 3 Misc. Rep. 95, 22 N. Y. Supp. 551, and cases cited; Wallace v. Dinniny, 11 Misc. Rep. 317, 32 N. Y. Supp. 159.

Judgment affirmed, with costs. All concur.