## J. G. Petteys, Appellant, v. Anheuser-Busch Brewing Association, Appellee.

### Gen. No. 5,156.

1. EVIDENCE—*when fact established by secondary.* Notwithstanding parol evidence is incompetent to prove a record, if proof thereof has been made in that way without objection, the facts shown will be considered as established.

2. LANDLORD AND TENANT—*what does not relieve from obligation to pay rent.* Held, under the facts of this case, that the surrender of the demised premises by the party in question did not relieve him from the obligation to pay rent for the unexpired portion of the term.

3. LANDLORD AND TENANT—*when assignee liable for rent.* By receiving a written assignment of a lease and by attorning, an assignee becomes bound by the lease as to covenants running with the land including the payment of rent to the same extent as if a written acceptance of such assignment had been placed upon the lease.

Assumpsit. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

J. G. PETTEYS, appellant, *pro se.*

HIGGINS & WALTER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant sued appellee to recover rent for the month of June, 1907, for premises in Morris, Illinois, except the top story. Appellant filed an amended declaration. The first count was based upon a special contract of leasing. The second count was for so much as the use of said premises for that one month was reasonably worth. The third count was for use and occupation upon an agreement to pay a certain sum. The next count bears numbers from 4 to 11 inclusive, but is really a consolidated common count in debt, the different items being separately num-

bered. The court sustained a demurrer to all but the first and second counts. To the first and second counts appellee pleaded *nil debet, non est factum* and no rent in arrear. Issue was joined upon those pleas, a jury was waived, and there was a trial and a judgment for defendant below, from which plaintiff appeals.

The third count seems to comply in all respects with the requirements of a proper count in debt and no reason is suggested why the demurrer to it should have been sustained. The rest of the declaration is a consolidated common count in debt. It complies, so far as we can see, with the rules for such a count in debt laid down in 1 Chitty's Pl. 361, 362, and with the forms given in 2 Chitty's Pl. 385-387. The court erred in sustaining the demurrer to these counts.

Appellant proved that Laura J. Neilson owned the premises and leased them to him for a period terminating May 1, 1908, and that he paid her rent from the beginning to the end of that term; that he leased the premises to Nels Mathias for a term of twenty-four months, beginning May 1, 1906, and ending May 1, 1908; that Mathias assigned the lease to appellee in writing on the back of the lease and that appellant endorsed his consent thereon. Appellee did not sign a written acceptance of the lease, but it received possession of said lease so assigned and thereafter attorned and paid rent to appellant from month to month. In correspondence with appellant appellee assumed that it was the owner of the Mathias lease. Mrs Neilson sold the premises to certain secret societies subject to existing leases, and the societies notified appellee to pay the rent to them. After investigation appellee continued to pay the rent to appellant for several months and paid the same to June 1, 1907. Some time during the month of June, 1907, appellee left the premises and the societies took possession. The proof of these facts made a case for appellant.

⁂Appellant was a witness in his own behalf and, on cross examination, appellee proved by him without

objection, though it was not legitimate cross examination and could not be properly proved by parol, that in May, 1907, the societies which had bought the property, brought forcible detainer before a justice against appellant and appellee for the possession of the premises and had a judgment from which judgment appellant appealed to the Circuit Court and that the case was still pending in the Circuit Court on appeal. The agent of appellee then testified that some time during June, 1907, appellee moved out of the premises voluntarily. While most of this evidence was incompetent, if objected to, yet if appellee chose to make its case by an oral examination of appellant, it was bound by all the facts so orally disclosed. The appeal suspended the operation of the judgment entered by the justice and under these circumstances, appellee could not lawfully surrender possession to the societies and thereby relieve itself from its contract to pay rent. The lease from appellant to Mathias was for the unexpired part of the term. By receiving the written assignment of the lease from Mathias and attorning to appellant, it became bound by the lease as to covenants running with the land, including payment of rent, to the same extent as if it had placed a written acceptance thereof upon the lease. Sexton v. Chicago Storage Co., 129 Ill. 318; Consolidated Coal Co. v. Peers, 205 Ill. 531. According to the oral testimony no writ of possession was issued nor any effort made by the societies to enforce the judgment rendered by the justice and from which the appeal had been perfected. There is therefore no proof to show that appellee has been released from its obligation to pay rent to appellant. But, still further, the rent was due on June 1, for that month, and it held possession for a considerable portion of the month and could not vacate the premises in the manner it did and escape liability for the month of June. The judgment must therefore be reversed upon its merits. Appellant ask us to enter judgment here for the rent for that month fixed by the lease. We are unwilling to do so, because when

the case is properly tried and the record of the suit in forcible detainer is introduced in evidence, it may be that the case will have a different aspect.

The judgment is therefore reversed and the cause remanded with directions to overrule the demurrer to the third and fourth counts of the amended declaration.

*Reversed and remanded with directions.*