SCHLESINGER v. PERPER.

(Supreme Court, Appellate Term.    January 5, 1911.)

1. LANDLORD AND TENANT (§ 208*)—RENT—LIABILITY OF ASSIGNEE OF LEASE.
      The assignee of a lease who has gone into possession of the premises
   thereunder is liable to the landlord for rent.
      [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
   821–831;  Dec. Dig. § 208.*]

:2. JUDGMENT (§ 629*)—BAR OF CAUSES OF ACTION—PERSONS WHO MAY TAKE
   ADVANTAGE OF BAR.
      A lessor who prosecutes an action against his lessee for rent to judg-
   ment is not precluded from suing the assignee of the lease for rent for
   the same period while the judgment remains unsatisfied.
      [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1145;  Dec.
   Dig. § 629.*]

   Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

   Action by Frederick Schlesinger against Sarah Perper.   From a
judgment for plaintiff, after trial by the court without a jury, defend-
ant appeals.   Affirmed.

   Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

   Morris S. Schector (Louis Salant, of counsel), for appellant.
   Herman Gottlieb, for respondent.

   GIEGERICH, J.   I think the plaintiff sufficiently proved the as-
·signment of the lease to the defendant and her occupation of the
premises thereunder.   By such assignment and occupation the defend-
ant became liable to the plaintiff for rent for the period of her occu-
pation (Sayles v. Kerr, 4 App. Div. 150, 38 N. Y. Supp. 880; Das-
sori v. Zarek, 71 App. Div. 538, 75 App. Div. 841), and the only ques-
tion in the case is whether the plaintiff, by prosecuting an action
against his lessee to judgment, has precluded himself from the right
to sue the assignee for rent for the same period for which he had
previously recovered judgment against his lessee.   The contrary ap-
pears to have been held as to the commencement of an action merely
in People v. German Bank, In re Bettinger, 126 App. Div. 231, 110
N. Y. Supp. 291, and there seems to be no reason for a different rule
where the action was prosecuted to judgment so long as the judg-
ment remained unsatisfied, which is the situation here.

   The judgment should therefore be affirmed, with costs.

   BRADY, J., concurs.   GAVEGAN, J., concurs in the result.