Argued December 21, 1911, decided January 9, 1912.

## CULVER v. VAN VALKENBURGH.

[119 Pac. 753.]

FRAUDS, STATUTE OF—LEASES—ASSIGNMENT—VALIDITY.

1. Under Sections 804, 808, L. O. L., declaring that no interest in real estate, other than a lease for not more than one year, can be created or transferred, except in writing, an assignee of a leasehold for more than one year is not liable on the covenants of the lease, unless the assignment is in writing.

FRAUDS, STATUTE OF—LEASES—ASSIGNMENT—VALIDITY.

2. An oral assignment of a leasehold for more than one year cannot be construed to create a tenancy from year to year so as to make the assignee liable for breach of the covenants of the lease.

FRAUDS, STATUTE OF—LEASES—ASSIGNMENT—VALIDITY.

3. Part performance by an assignee of a leasehold for more than one year, holding under a parol assignment, does not take the case out of the statute of frauds, (Sections 804, 808, L. O. L.), so as to support an action for the assignee's breach of covenants of the lease.

FRAUDS, STATUTE OF—LEASES—ASSIGNMENT—VALIDITY.

4. A new and independent parol agreement between a lessee for a term of years and a third person does not create a liability against the third person, under the statute of frauds (Sections 804, 808, L. O. L.), for breach of covenants of the lease.

TRIAL—MOTION FOR NONSUIT—SUFFICIENCY.

5. A motion for nonsuit, because plaintiff "has not proved a sufficient case for submission to the jury," is sufficient, where the ground thereof is fully understood by counsel for plaintiff and the court, and where the defect in plaintiff's case is incurable.

JUDGMENT—REQUISITES—PARTIES.

6. Under Sections 179, 180, L. O. L., defining a judgment as a final determination of the rights of the parties, and declaring that a judgment may be given for or against one or more of several plaintiffs or defendants, a joint judgment for two defendants is unobjectionable in form, though a nonsuit in favor of one defendant was by consent, and a nonsuit in favor of co-defendant was contested.

From Coos: JOHN S. COKE, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by S. J. Culver against M. Van Valkenburgh and John Van Valkenburgh. The facts are as follows:

On September 1, 1907, plaintiff executed to S. J. Huff a lease to certain lands for the term of five years, which contained mutual covenants, and Huff entered upon the premises thereunder. On April 1, 1908, he orally assigned and transferred his interest in the premises under the lease to defendant M. Van Valkenburg, who entered thereon and occupied the same until June 5, 1909, when she transferred them to one Lane, whereupon plaintiff commenced this action against her to recover damages in the sum of $500 for breach of the terms of the lease. It is also alleged that the assignment of the lease was in writing, although the evidence is undisputed that it was oral. The execution of the lease and its assignment to defendants are denied by the answer, but defendant M. Van Valkenburg admits that she entered into the possession of the premises under an agreement with Huff, and that she occupied the same thereunder from April, 1908, to June, 1909, and sets forth other defenses to the damages alleged. The case was tried before a jury, and at the close of plaintiff's evidence a judgment of nonsuit was granted on the motion of defendants, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Mr. G. T. Treadgold,* with an oral argument by *Mr. Andrew M. Crawford.*

For respondent there was a brief with oral arguments by *Mr. A. J. Sherwood* and *Mr. L. A. Liljeqvist.*

Opinion by MR. CHIEF JUSTICE EAKIN.

But two of the assignments of error need be considered:

1. (1) As to the effect of the oral transfer by Huff to defendant M. Van Valkenburgh of his leasehold interest in the premises. Tiffany on Landlord and Tenant (page 950) states that, for the purpose of enforcing the payment of rent, a person, other than the lessee, found in possession of the premises will be *prima facie* presumed to be in possession as assignee of the leasehold, which presumption may be rebutted by evidence that there was no actual assignment, or that he is a sublessee, in which latter case he is not liable to the landlord on the covenants of the original lease. His liability is upon the covenants of the sublease and to his lessor only. But, in order that one may be liable on the covenants as an assignee of the leasehold, there must be a legal assignment to him. It is not sufficient that he be in possession. Under the statute of this State (Section 808, L. O. L.), no estate or interest in real property can be created or transferred, except it be in writing, signed, etc., which includes an assignment of a leasehold interest in lands for a term of more than one year.

2, 3. The contention of plaintiff that the assignment being oral will be construed to be a tenancy from year to year can have no application to the liability of the defendant for damages for breach of the covenants of a written lease; nor does part performance take the case out of the statute of frauds, such relief being cognizable in equity for the purpose of obtaining specific performance, and has no application in an action for damages for breach of covenant in a contract to which defendant is not a party. Some authorities hold that a parol agreement in relation to real estate is neither illegal nor void under the law, but is simply a weapon of defense which the party entitled thereto may use or not use for his own

Sig. 15

protection; but that statement of the law can have no application under our statute, which provides (Section 808, L. O. L.) that an agreement for a "leasing for a longer period than one year is void if not in writing, signed," etc.; and section 804 is to the same effect as to the creation of or transfer of an interest in real property.

4. Nor is plaintiff's case aided by the allegations of the answer, the strongest inference from which is not of an assignment of the leasehold, but a new and independent agreement with Huff. Therefore plaintiff failed to prove a case sufficient to be submitted to the jury.

5. (2) Plaintiff also urges that the nonsuit was improperly granted, because the motion therefor was insufficient, in that it did not specify any sufficiently definite and specific reason for a nonsuit. The form of the motion is: The defendant moves for a judgment of nonsuit, "for the reason that the plaintiff has not proven a sufficient case against the defendant, M. Van Valkenburgh, to be submitted to the jury." This motion was submitted and considered at the hearing, without objection to its indefiniteness, and was sustained by the court. The ground of the motion relied upon by defendant was fully understood by counsel for plaintiff, as well as by the court, and the objection to it for insufficiency is raised here for the first time, and the objection is without merit. If the trial court had denied the motion, and defendants had appealed, the insufficiency of the form of the motion, as the basis of relief here, which was denied them in the lower court, could have been insisted upon, as held in *Ferguson* v. *Ingle,* 38 Or. 43 (62 Pac. 760). See, also, *Milton* v. *Denver R. Co.,* 1 Colo. App. 307, 311 (29 Pac. 22). It is held, in *Fontana* v. *Pacific Can Co.,* 129 Cal. 51 (61 Pac. 580), that a motion for a nonsuit

is sufficient, although the grounds thereof are not specifically stated, if the defects of plaintiff's case are incurable, even if they had been specifically pointed out. To the same effect is *Daley* v. *Russ*, 86 Cal. 114 (24 Pac. 867), and the defect in plaintiff's case here is incurable; the evidence disclosing that there was no assignment of the lease.

6. The objection to the form of the judgment, namely, that it was a joint judgment in favor of both defendants, when the nonsuit in favor of John Van Valkenburgh was by consent of plaintiff, and that in favor of M. Van Valkenburgh was contested, is not well taken. We find that the form of the judgment is unobjectionable, under Sections 179 and 180, L. O. L., where it is contemplated that one judgment may dispose of the whole case, where it can consistently be done.

The judgment of the lower court is affirmed.

AFFIRMED.