Argued October 26, affirmed November 24, rehearing denied December 15, 1914.

## MOLINE *v.* PORTLAND BREWING CO.

(144 Pac. 572.)

**Landlord and Tenant—Assignee of Lease—Liability to Lessor.**

1. The assignee of a lease becomes personally liable to the lessor to fulfill all the obligations of the lease, for the whole term, even though he does not take possession, and cannot release himself from liability without consent of the lessor.

**Landlord and Tenant—Action for Rent—Assignee of Lease—Prima Facie Case.**

2. A *prima facie* case of defendant's liability to plaintiff for rent as assignee of a lease is made by proof of plaintiff leasing the premises to G., defendant's possession of the leased premises, and its subsequent leasing thereof to another.

[As to assignment of leases and respective rights and liabilities of parties, see notes in 10 Am. St. Rep. 557; Ann. Cas. 1913B, 889.]

**Landlord and Tenant—Assignee of Lease—Ground of Obligation.**

3. The assignee of a lease becomes liable to the lessor for the rent by reason of privity of estate, and not by reason of occupancy.

**Landlord and Tenant—Liability for Rent—Burning of Premises.**

4. A tenant expressly covenanting, without limitation or reservation, to pay rent for a term of years, is not released from such obligation by destruction of the building by accidental fire.

[As to destruction of leased premises as affecting rights and liabilities of lessee, see notes in 94 Am. Dec. 662; 50 Am. Rep. 469; 61 Am. St. Rep. 566. As to construction of provision in lease for termination of tenancy in case of destruction of premises, see note in Ann. Cas. 1913A, 1095. As to right of lessee to recover rent paid in advance in case of destruction of premises, see note in Ann. Cas. 1912B, 1117.]

**Landlord and Tenant—Assignee of Lease—Evidence.**

5. From possession by one, other than the lessee of leased premises, it is presumed in favor of the lessor, seeking to hold him for the rent as assignee of the lease, that he is such assignee; and the landlord is not required in the first instance to prove more.

**Landlord and Tenant—Sublessees—Liability.**

6. One in possession of leased premises merely as sublessee, and not as assignee of the lease, is liable only to the lessee on the sublease, and not to the lessor on the original lease; there being neither privity of estate nor of contract.

From Wasco: WILLIAM L. BRADSHAW, Judge.

In Banc.   Statement by MR. JUSTICE EAKIN.

This is an action by Minnie D. Moline against the Portland Brewing Company, a corporation, to recover rent. On the 26th day of November, 1910, S. S. Greenhalgh entered into a written lease with plaintiff for lots 109, 111 and 113, block 54, of Dalles City, for the term of two years from December 9, 1910, at the agreed rental of $80 per month. On the 18th day of April,

1911, Greenhalgh duly assigned said lease to defendant, and the defendant immediately released the same to Brown & Goswick for the remainder of said term by the following agreement:

"This instrument, made and entered into this 18th day of April, 1911, by and between the Portland Brewing Company, hereinafter called the party of the first part, and Brown & Goswick, hereinafter called the parties of the second part, witnesseth: That, whereas, the party of the first part has this day loaned to the parties of the second part, the sum of $1,000, as evidenced by the terms and conditions of a certain promissory note signed this day by the parties of the second part: Now, therefore, in consideration of said loan the parties of the second part hereby promise and agree that during the period beginning with this date and expiring on December 9, 1912, the said parties of the second part will handle and use exclusively the beer, both draught and bottled, to be furnished by the parties of the first part at the customary market prices. And in consideration of the rental payments to be made by the parties of the second part, as hereinafter mentioned the party of the first part has rented and leased and does by these presents, rent and lease for the period of time ending December 9, 1912, the buildings numbered 109, 111 and 113, East Front Street, The Dalles, Oregon; and as rental for the said buildings the parties of the second part promise and agree to pay to the said party of the first part, the sum of $80 per month in advance commencing with the 9th day of May, 1911. It is further understood and agreed between the parties hereto that the provisions herein contained shall also apply to the extension of said agreement, which may hereafter be entered into by the parties hereto. It is further understood and agreed that when the above-mentioned note shall be fully paid according to its terms and conditions by the parties of the second part that the party of the first part will make, execute and deliver to the parties of the second part a bill of sale which will convey to parties of the

second part the title to all the property which the party of the first part has this day purchased from S. S. Greenhalgh, save and except the lease on said buildings assigned by the said Greenhalgh. In witness whereof, the parties hereto have hereunto set their hands and seals this 18th day of April, 1911.

"PORTLAND BREWING CO.,
"By A. I. BLITZ,
"Party of the First Part.
"BROWN & GOSWICK,
"Parties of the Second Part."

On the 21st day of August, 1911, said Brown & Goswick sold their interest in said business, and delivered the premises to one R. S. Ward, paying defendant the balance due upon his note. Said changes were made without the consent or knowledge of the plaintiff, and defendant refused to pay plaintiff the rent from said premises for which this suit is brought. Upon the trial the verdict of the jury was in favor of the plaintiff for the whole amount sued for, and defendant appeals.        AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Fred W. Wilson* and *Mr. R. R. Butler,* with an oral argument by *Mr. Wilson.*

For respondent there was a brief and an oral argument by *Mr. William H. Wilson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The question to be determined in this case relates to the obligations of the assignee of a lease. There does not seem to be any conflict in the authorities bearing upon this subject. The assignee of a lease is bound

to fulfill the obligations thereof according to the terms of the lease.

"It is a well-settled rule that, by virtue of privity of estate between the assignee of a leasehold and the lessor, such assignee becomes personally liable to the lessor, while he holds the estate as assignee, for the performance of the lessee's covenants, which run with the leasehold estate": 18 Am. & Eng. Ency. Law (2 ed.), p. 668.

To the same effect is this provision in 24 Cyc., page 1179:

"Where a lessee assigns his whole estate in all the demised premises, the assignee is liable to the lessor for the whole of the rent reserved in the lease."

The same principle is applied in *Culver* v. *Van Valkenburgh,* 60 Or. 447 (119 Pac. 753); *Leadbetter* v. *Pewtherer,* 61 Or. 168 (121 Pac. 799, Ann. Cas. 1914B, 464). And he thereby becomes the party to the lease and is liable for the whole term. Neither is possession thereunder necessary, and he cannot discharge himself from such liability without the consent of the lessor.

2. The first objection of appellant relates to the motion for nonsuit, and is without merit. Plaintiff having leased the property to Greenhalgh, and the facts being proved as to defendant's possession of said leased property, together with said plaintiff's Exhibit 2, made a *prima facie* case sufficient to be submitted to the jury.

3. As to the fifth instruction requested by the defendant, the rule is that, if defendant took the assignment of the lease from Greenhalgh or from his assignee, he could not at his own option repudiate the obligations thus assumed. The assignee of the lease becomes liable for the rent by reason of the privity of estate, and not by reason of the occupancy of the premises;

and by mere abandonment thereof he cannot escape liability: 24 Cyc. 1180 (B).

4. The sixth requested instruction is:

"If said premises were destroyed or rendered unfit for occupancy by fire, * * the defendant would not be liable for any rent * * from the time of such fire."

The rule is that, if the tenant expressly covenants without limitation or reservation to pay rent for a term of years, he is not released from that obligation by the destruction of the building by accidental fire: *Harrington* v. *Watson,* 11 Or. 143 (3 Pac. 173, 50 Am. Rep. 465, note).   And the instruction was properly refused.

5. Requested instruction 11 seeks to shift the burden of proof which was on defendant after possession by him was established.   It is said in 18 Am. & Eng. Ency. Law (2 ed.), page 677:

".Where a lessor seeks to hold one found in possession of the land liable as assignee for rent, or on the covenants in the lease, he is not required in the first instance to prove the assignment to the party in possession, as the law presumes that a person other than a lessee found in possession holds as an assignee."

There is no merit in the request for a directed verdict.   Instructions 3, 4 and 5 were justified by the rule that, when a third party is in possession of leased premises under the lessee, the law presumes that they have been assigned by the lessee to such third party: 24 Cyc. 1181.

6. Instructions 7, 9 and 10 are justified by the rule that if a party is not in possession as an assignee of the lessee, but simply a sublessee, he is liable on the covenants of the sublease to his lessor only, and not on covenants of the original lease; there being neither privity of estate, nor privity of contract: 24 Cyc. 1183;

18 Am. & Eng. Ency. Law (2 ed.), p. 682; *Culver* v. *Van Valkenburgh,* 60 Or. 447 (119 Pac. 753).

There being no error committed by the Circuit Court, the judgment is affirmed.

AFFIRMED.   REHEARING DENIED.