[Civil No. 1579.   Filed March 30, 1918.]

[171 Pac. 910.]

McKEE'S CASH STORE, a Corporation, Appellant, v. MARIA O. OTERO and C. W. McKEE, Appellees.

1. CORPORATIONS—PRINCIPAL AND AGENT—MUTUAL LIABILITIES—LEASE. If lessee was acting for a corporation, but executed the instrument in his own name, covenanting personally to pay the rent as between him and the lessor, he is liable for rent, and the corporation, being the real principal, is also liable therefor, although its name does not appear upon the face of the instrument.

2. LANDLORD AND TENANT—LIABILITY OF LESSEE FOR PAYMENT OF RENT —ASSIGNMENT.—Where lessee contracts individually and assigns the lease to a corporation, the liability of lessee for payment of rent rested on privity of contract which did not terminate on the assignment of lease which merely terminated the privity of estate, and it matters not that lessor accepted assignee and collected rent from it.

[As to the assignment of leases and the respective rights and liabilities of the lessor, assignee and assignor thereafter, see note in 10 Am. St. Rep. 910.]

3. LANDLORD AND TENANT—LEASE—ACTIONS FOR RENT—JOINT LIABILITY OF ASSIGNEE AND LESSEE.—Where there is a joint liability of lessee

and his assignee for the payment of rent under covenant of the lease, the lessor may pursue his remedy against both at the same time.

4. LANDLORD AND TENANT—LEASE—ASSIGNMENT—LIABILITY OF AS-SIGNEE FOR RENT.—The liability of the assignee of a lease is based upon the leasehold interest, and attaches by privity of estate, and continues not only during actual possession of premises, but until termination or reassignment of lease.

5. APPEAL AND ERROR—INVITED ERROR.—Where the trial judge was led into the error of submitting a question of law to the jury by stipulation between the attorneys, such error forms no basis for complaint by one of the parties to the stipulation.

APPEAL from a judgment of the Superior Court of the county of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. George J. Stoneman, for Appellant.

Mr. C F. Ainsworth and Mr. Fred Blair Townsend, for Appellees.

FRANKLIN, C. J.—The appellee Maria O. Otero brought this suit to recover of the appellant, McKee's Cash Store, and appellee, C. W. McKee, the rent for an unexpired term of a written lease, said lease being for a term of five years, from April 1, 1913, to April 1, 1918. The cause was tried to a court and jury, and at the close of the testimony the court, on its own motion, directed a verdict for the plaintiff against both defendants, and submitted to the jury, on the stipulation of the attorneys for the defendants, the question which of said defendants was primarily liable to the plaintiff for the payment of said judgment. The verdict of the jury being that McKee's Cash Store was primarily liable, the judgment was entered accordingly. McKee's Cash Store appeals. The question in this case is whether, as between the appellee Maria O. Otero and McKee's Cash Store, the latter is liable for the payment of the rent. The lease was in writing and purported on its face to be made by C. W. McKee with Maria O. Otero. It is a simple non-negotiable contract. There is no covenant in the lease, nor is there any statutory provision restraining an assignment of the lease.

The uncontradicted testimony shows that McKee's Cash Store was a corporation engaged in carrying on a grocery business in the city of Phoenix. It occupied the Talbot

Building at the corner of First Avenue and Adams Street. It was a family concern, consisting of a father and two sons. H. A. McKee, the father, was president, C. W. McKee vice-president and general manager, and C. E. McKee the secretary. C. W. McKee practically controlled the business. In the business transactions, the corporation sometimes used the corporate name and sometimes the name of C. W. McKee. The corporation had added other lines to its stock, and this enlarged business required additional space. Mrs. Otero owned a building on Adams Street in the rear of the one the corporation occupied, and it decided to lease these adjoining premises from her. The negotiations for the lease, which finally resulted in the execution of the instrument upon which this suit is based, were carried on between Arthur M. Otero as agent for Mrs. Otero and C. W. McKee as agent for the McKee's Cash Store. It was known to the parties that McKee was contracting as agent for McKee's Cash Store.

After the execution of the lease on March 11, 1913, C. W. McKee in writing on the back of the instrument formally assigned the leasehold interest to McKee's Cash Store. The term commenced April 1, 1913, and on or about that day the corporation went into possession of the leased premises. This was done with the full knowledge of the circumstances on the part of all the directors and stockholders of the corporation. The corporation thereafter occupied the premises, with the exception of a certain portion which it sublet to another person. This sublease was made for the corporation in the name of C. W. McKee. At the stipulated times the corporation paid to Mrs. Otero the rent, and also collected and received for its own use the rental from the subtenant. This continued until February 1, 1916, when the McKee's Cash Store, without any reassignment, vacated and abandoned the premises and refused to pay rent thereafter. On July 31, 1914, A. D. Stewart bought some of the capital stock and became an officer of the corporation. After the premises were vacated the controversy arose as to who was bound by the lease because Mr. Stewart had not known what took place prior to July 31, 1914, when he became interested in the business.

The complaint was drawn upon the theory that C. W. McKee leased the property individually, and thereafter assigned the leasehold estate to the McKee's Cash Store. Upon

the facts of this case, however, the liability of the defendants is so plain in either of two aspects presented by the testimony that we should be astute to uphold the judgment of the superior court. If McKee, in executing the lease, was acting for and on behalf of the corporation, nevertheless he executed the instrument in his own name, covenanting personally to pay the rent, and as between him and the lessor he is liable for the payment of the rent. But, the corporation being the real principal and the party for whose benefit the contract was made, it is also liable for the rent. The highly technical rule that those persons only can be charged who appear upon the face of the instrument to be parties to it does not obtain here. *Arizona Life Ins. Co.* v. *Lindell,* 15 Ariz. 471, 140 Pac. 60. Mr. Justice HOLMES, in *Byington* v. *Simpson,* 134 Mass. 169, 45 Am. Rep. 314, said:

"Whatever the original merits of the rule that a party not mentioned in a simple contract in writing may be charged as a principal upon oral evidence, even where the writing gives no indication of an intent to bind any other person than the signer, we cannot reopen it, for it is as well settled as any part of the law of agency."

Mechem says: "For the purpose of identifying the principal, parol evidence may be admitted. It does not violate the principle which forbids the contradiction of a written agreement by parol evidence, nor that which forbids the discharging of a party by parol from the obligations of his written contract. The writing is not contradicted, nor is the agent discharged; the result is merely that an additional party is made liable." Paragraph 1733, Mechem on Agency.

See, also, Tiffany on Landlord and Tenant, par. 57b, and par. 181e.

"It is no contradiction of a contract which is silent as to the fact to prove that a party is acting therein not on his own behalf, but for another. 'This does not deny,' said Parke, B., 'that it is binding on those whom on the face of it, it purports to bind; but shows that it also binds another, by reason that the act of the agent in signing the agreement in pursuance of his authority is, in law, the act of the principal." Bishop on Contracts, par. 1084.

In these circumstances there is a double obligation, although there can be but one satisfaction. In the other aspect of the case, if McKee contracted this lease individually and assigned

the leasehold estate to the McKee's Cash Store, the liability of the defendants to plaintiff is not substantially. different than if the lease had been executed in the name of C. W. McKee individually, but in fact for the McKee's Cash Store as principal.

Mr. Washburn sums up the doctrine in question as follows:

"There is an important distinction to be observed between express and implied covenants in a lease since one who enters into an express covenant remains bound by it, though the lease be assigned over, while such as are implied are coextensive only with the occupation of the premises; the lessee, for instance, not being liable under his implied covenant for rent after his assignment to another, and the acceptance of rent by the lessor from the assignee. The lessee remains liable upon his express covenant to pay rent, notwithstanding his having assigned his lease with the lessor's assent, and the lessor may have accepted rent from the assignee. The lessor, in such case, may sue the lessee, or his assignee, or both, at his election and at the same time though he can have but one satisfaction. The lessee continues liable upon his personal covenant, in the nature of a surety for his assignee, who is ultimately liable to him for the amount paid by him. But the liability of a lessee upon the implied covenants in his lease continues only so long as he holds the estate, where he assigns with the consent of the lessor, and depends .upon the privity of estate. This is true in respect to assignees, both as to express and implied covenants, and their liability ceases with the privity of estate between them and the lessors. Such assignee, therefore, is not liable for any breach committed before he became assignee, nor for any such breach occurring after, he has parted with the estate and possession to a new assignee, although he did this for the very purpose of escaping such liability, because by so doing he destroys the privity of estate on which it depends." Washburn on Real Property, 4th ed., pp. 493, 494.

The lease contained an express covenant to pay rent, and the liability of the lessee rests on privity of contract which did not terminate on the assignment of the lease. The assignment merely terminated the privity of estate, and, this being so, it matters not if the lessor accepted the assignee as such and collected the rents from it. There was a joint liability of the assignee and lessee, and the lessor had the right

to pursue his remedy against both at the same time, though, of course, with but one satisfaction. See *McBee* v. *Sampson* (C. C.), 66 Fed. 416; *Whetstone* v. *McCartney*, 32 Mo. App. 430; *People* v. *German Bank*, 126 App. Div. 231, 110 N. Y. Supp. 291; *Schlesinger* v. *Perper*, 70 Misc. Rep. 250, 126 N. Y. Supp. 731.

The liability of C. W. McKee attaches by privity of contract, and the assignment to McKee's Cash Store containing no express condition on its part to pay the rents reserved for the term, its liability attaches by privity of estate. The right to enjoy the leasehold interest as distinguished from the actual possession of the premises is the principle upon which rests the assignee's liability to the lessor. In *Moline* v. *Portland Brewing Co.*, 73 Or. 532, 144 Pac. 572, the court said:

"The assignee of the lease becomes liable for the rent by reason of the privity of estate, and not by reason of the occupancy of the premises; and by mere abandonment thereof he cannot escape liability."

See, also, *McLean* v. *Caldwell*, 107 Tenn. 138, 64 S. W. 16; *Chicago Attachment Co.* v. *Davis Sewing Machine Co.* (Ill.), 25 N. E. 669; *Bonetti* v. *Treat*, 91 Cal. 223, 14 L. R. A. 151, 27 Pac. 612.

If the McKee's Cash Store, as assignee, wished its liability to pay rent to continue only during its actual possession of the premises, it should have reassigned the lease as well as abandoned the possession. By so doing the privity of estate would have terminated. If appellant had been in possession of the premises when the rent accrued, the presumption would have been that it occupied under the lease. The rule being that when a person other than the lessee is in possession of leased premises when the rent accrues, or has occupied the whole of the unexpired term of the lease, in an action by the lessor to recover rent from such person, the presumption is that the occupancy is under an assignment of such lease. Such presumption, however, is rebuttable, and may be overthrown by showing a different relation exists between the occupant and lessee. One of the leading cases to this effect is *Redford* v. *Terhune*, 30 N. Y. 453, 86 Am. Dec. 394. See, also, *Leadbetter* v. *Pewtherer*, 61 Or. 168, Ann. Cas. 1914B, 464, 121 Pac. 799; McAdam on Landlord and Tenant, p. 554; 24 Cyc. 1181, 1222; 1 Tiffany on Landlord and Ten-

ant, p. 950. While such a presumption would, perhaps, not exist under the facts of this case, the McKee's Cash Store having abandoned the premises before the rent in suit accrued, nevertheless the fact that the corporation went into possession of the premises at the beginning of the term, paid the rents to the lessor, and received the rents from a subtenant during its occupancy, would not detract from the positive testimony of C. W. McKee that he assigned the lease to the corporation and put it into possession of the property under the lease and its assignment, but rather tend to corroborate his testimony.

We can entertain no doubt that on either of the grounds stated the uncontradicted testimony showed a liability on the part of both defendants to appellant. A contrary verdict would find no substantial support in the evidence. As between the defendants C. W. McKee and the McKee's Cash Store, the liability of McKee was in the nature of a surety for the corporation; the latter being ultimately liable to McKee for any amount paid by him, whether as agent for his principal or as assignor for his assignee.

The trial judge was led into the error of submitting a pure question of law to the jury by stipulation between the attorneys for the defendants. If in doing this error was committed, it affords no basis for complaint by one of the parties to the stipulation.

Upon the whole case, the judgment is right, and ought to be affirmed. It is so ordered.

ROSS and CUNNINGHAM, JJ., concur.

On liability of lessee, sublessee, or assignee for rent accruing after assignment or sublease, see note in 52 L. R. A. (N. S.) 968.

On liability of assignee of leasehold for rent, see note in 14 L. R. A. 151.