George Thompson and Emma Thompson, Appellees, v. O'Gara Coal Company, Appellant.

Opinion filed January 23, 1933.

MILEY & COMBE, for appellant.

KANE & SCOTT, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellees are the lessors in a written coal mining lease which required the lessee to pay monthly royalties, to recover which this suit was brought against appellant, the assignee of the lessee. The

lessee executed and delivered a deed to appellant in and by the terms of which all of the rights, title and interest acquired by the lease were conveyed to appellant. Appellant accepted the deed and the assignment of the lease and went into possession of the premises described therein and for a time paid the royalties to appellees. The declaration recites the foregoing facts and sets out the lease and the deed *in haec verba*. Appellant filed two special pleas relying upon the statute of frauds and a demurrer was sustained thereto. Appellant elected to abide by its pleas and the court rendered judgment in favor of appellees for $962.

The only question presented for our consideration is the alleged error in sustaining the demurrer to the special pleas. Appellant insists that as it made no written promise to comply with the terms of the lease it cannot be held liable for the payment of the royalties. When appellant accepted the deed containing the assignment of the lease it thereby became liable because it was then in privity of estate with appellees. *Sexton v. Chicago Storage Co.,* 129 Ill. 318; *Consolidated Coal Co. v. Peers,* 166 Ill. 361; *Consolidated Coal Co. v. Peers,* 205 Ill. 531. The law is well settled that appellant as assignee of the lease became liable for the rent by reason of privity of estate and not because of the fact that it occupied the premises. 36 C. J. 375; 24 Cyc. 1180; *Babcock v. Scoville,* 56 Ill. 461. See also *Smith v. Brinker,* 17 Mo. 148; *Hale v. Grow,* 88 W. Va. 173, 106 S. E. 409; *Moline v. Portland Brewing Co.,* 73 Ore. 532, 144 Pac. 572.

Appellant by accepting an assignment of the lease became liable because of privity of estate and the statute of frauds has no application. The court did not err in sustaining the demurrer to the special pleas and the judgment is affirmed.

*Affirmed.*