[Civil No. 1655.   Filed April 16, 1919.]

[179 Pac. 960.]

M. J. LYNCH, Appellant, v. SAM CLARK, MANUEL QUIROZ and I. C. QUIROZ, Appellees.

1. PLEADING—TRUTH OF ALLEGATIONS NOT DENIED.—Defendant lessee not having controverted construction placed on lease by plaintiffs and having failed to deny the allegation that rent for balance of term was due and payable, such allegation must be deemed true, unless defendant's defenses avoiding the lease altogether are sufficient excuse for refusing to pay rent.

2. LANDLORD AND TENANT—TITLE OF LANDLORD—ESTOPPEL TO DENY.— Where, because of default in payment of rent, lessors elected to exercise option to substitute, for agreement to pay rent by the month, agreement to pay immediately rent for balance of the term, thus affirming lease for the balance of the term, *held,* that lessee could not while in possession resist judgment for rent for balance of the term by denying lessors' title or right to possession either directly or indirectly.

[As to necessity that tenant surrender possession before asserting title adverse to landlord, see note in Ann. Cas. 1917D, 548.]

APPEAL from a judgment of the Superior Court of the county of Pima.  S. L. Pattee, Judge.  Affirmed.

Mr. James P. Lavin and Mr. A. S. Hawkins, for Appellant.

Mr. John W. Mayes and Messrs. Kingan & Campbell, for Appellees.

CUNNINGHAM, C. J.—Sam Clark and two other parties are the alleged owners of two mining locations situate adjoining the New Cornelia Copper Company's holdings at Ajo, Pima county. The mineral locations existed on February 28, 1916, and prior thereto. On said February 28th, the plaintiff acquired, by written lease, a portion of the surface of such mining claim. The portion leased is described as lot No. 6 in block 10, "said lot being 40 feet by 100 feet in dimensions, according to that certain survey and plat made and executed by W. C. Goetz, civil engineer, and dated by him the 13th day of March, 1916, reference to said plat being hereby made for a more particular description of said premises."

The lease recites that appellees are the owners of the unpatented mining claim, and that the appellant is desirous of occupying the portion of the surface described above, for business purposes. The parties covenant and agree:

That the appellee owners hereby do "let, lease, and demise unto" the appellant said above-described portion of said surface, "to have and to hold said above-described premises unto the party of the second part for the term of five years, said term to commence on the 28th day of February, 1916, and to terminate the 27th day of February, 1921, at the yearly rental or sum of one hundred and twenty dollars, payable in twelve monthly installments of ten dollars on the 28th of each and every month, during the life of this lease."

Thereupon follows an agreement by which the lessee is permitted to erect suitable buildings for the purpose of doing a hay and grain business, and a grant of the right to remove the buildings erected by him within 20 days after the expiration of the time granted, provided the lessor may purchase the buildings at his option, and provided the rent is paid, otherwise the buildings shall become the property of the lessor. The surface, only, is intended to be leased with the right reserved in the lessor to prosecute mining operations on the property.

The lessor agrees to patent the mining claim before the expiration of the lease, and the lessee is given the option of purchasing the lot described, for $1,000, provided the ground is not required for mining purposes.

The following is the clause upon which this action rests, viz.:

"It is agreed by the party of the second part that if any of the payments herein provided for shall be due and unpaid, or if any default be made in observing any of the covenants herein contained, it shall be lawful for the parties of the first part to re-enter said premises and remove all persons therefrom, and to terminate this lease, or, at the option of the parties of the first part, they may waive such default and continue this lease in full force and effect, and thereupon rental for the full term shall become due and payable."

The complaint places the right to recover the full rental for the remainder of the lease term in the following language:

"That the defendant has paid unto the plaintiff rental for said premises for the period ending on the 28th day of February, 1917, and no more, and has failed and refused and now fails and refuses to pay rental for said premises from the 28th day of February, 1917, and is in default in the payment of rental under said agreement in writing and by reason of said default, there is now due and payable from the defendant to the plaintiffs rental for said premises for the period from February 28, 1917, to February 27, 1921, at the yearly rate of one hundred and twenty dollars per year . . . the sum of four hundred and eighty dollars."

The construction the plaintiffs have thus placed on this covenant of the lease is that the lessee's failure to pay any of the monthly installments of rent when they became due leaves with the lessor the option to consider the agreement to pay the rent by the month at an end, and substitute therefor the agreement to pay immediately the rent for the balance of the term, and that the lessor has so elected; hence the action for the collection of the rent in a lump sum instead of by monthly installments.

The lessee, defendant, has not controverted the construction placed on the lease in this particular by the plaintiff. Hence the allegation that the sum of $480 is due and payable is not denied, and must be deemed true, unless defendant's defenses

avoiding the lease altogether are sufficient excuses for refusing to pay.

The lessee resists judgment, while he retains possession, upon the grounds that the lease is inoperative, for the reasons that the lessor did not have the right to possession, the lessor's right depending upon a location of the grounds under the mining laws, and plaintiff-lessor's location was void, for the reason no mineral was discovered in the property located; that the locator failed to record a notice of location within ninety days after location; that the locator failed to perform one hundred dollars' worth of work and improvements on the claim during the years 1915 and 1916; and for the further reason that town-site settlers are making application for a town-site patent under the laws of the United States, thereby claiming a just right in the property, adverse and antagonistic and superior to the plaintiff's title and right of possession. Also, the defendant asserted in his answer that the lease was accepted by him upon representations made by the lessor at the time of the taking of the lease, which representations were false and fraudulent and defendant relied upon the truth of the same; and the further defense that the premises in question, occupied by the defendant, is not situate on the mining claims described in the lease.

The acts required by law to initiate and maintain the right to the exclusive possession of a mining location are, each, elements of the locator's title to real estate. Hence the lessee of real estate, as of mining rights, cannot deny the lessor's title by denying that the lessor's location is incomplete. This is too well known to require citation of authorities. Further, the lease, by this action, is affirmed for the balance of the term, and the rights of the lessee are fixed irrevocably by the action for the rental for the balance of the term. The lessor cannot evict him, and the lessor has warranted peaceable, quiet enjoyment with the right to purchase an absolute title for one thousand dollars; also, the right to remove the improvements at the end of the term, as specified in the lease, if the lessee elects to do so. These obligations of the lessor become fixed by his election to sue for the rent for the balance of the term, instead of declaring the lease forfeited and recovering possession. The lessee is amply protected by his warranty in case the lessor's title fail, either by a relocation of the ground by another or by the success of the town-site claimants, in case

the lessor loses title. The lessee, presumably, may recover on the lease in case of loss, for the reason that this action, under the express language of the lease, is an election to continue the lease in full force and effect for the remainder of the term. The lessor is obliged to make good his covenants dependent upon his title as he has warranted it. The lessee is estopped from denying the lessor's title, and therefore is protected in all matters dependent upon that title.

The suggestion that the settlers, claimants of the town site, have a superior right over the appellees' location claim, is only another manner of denying the landlord's title by the tenant, which may not be done in this kind of case.

The claim of defendant that his assent to the lease was induced by false and fraudulent representations is not sustained by the evidence. The defendant testifies that the plaintiff Sam Clark represented that the mining claims are valid mineral locations, and that he (Clark) would procure a United States patent therefor. The witness claims that such representations are false because the locators have failed, in his (the witness') opinion, to discover mineral, and for the same reason the ground cannot be patented under the United States mineral land laws. This is another indirect method of denying title in the landlord by the tenant in possession, and is not permissible, and consequently does not support the defense pleaded. With regard to the defense that the premises in question are no part of the two mining claims described in the lease, we find the following statement made by the court, on page 41 of the Abstract of the Record, to wit:

"There is no question but that the property involved in this case is conceded by all parties to be a part of these two mining claims."

This is not questioned so far as the abstract of the record shows.

The defendant began his possession in subordination to the plaintiff's title, and that subordination remains until the lease is terminated. The defendant cannot terminate the lease in question by failing or refusing to pay rent and retain possession. This is the very thing the defendant has attempted to do. He contracted with the plaintiff to pay rent for the benefits mentioned in the lease, including the right of peaceable possession, a right to purchase a good merchantable title, and a right to remove improvements at the termination of

the lease term, if the purchase of the property was not consummated by him. He lost none of these rights by his refusal to pay the rent, for the reason the lessor retained the right to determine that matter. He determined to permit the defendant to retain such rights by continuing the lease in full force and effect, and, instead of declaring a forfeiture, proceeded, as agreed, to collect the rent at once and cease collection by monthly installments.

It would seem that this course of conduct upon the part of the plaintiff favors the defendant lessee, for the reason that any failure of the plaintiff in the future to acquire, and, if requested, to convey full title to the defendant, is protected by the lease as continued in full force and effect. At the most, defendant is not injured, except by the immediate payment of the rent instead of payment in monthly installments.

Upon the whole record, no reversible error appears, and the judgment is affirmed.

ROSS and BAKER, JJ., concur.