[Civil No. 2202.  Filed April 10, 1925.]

[234 Pac. 1075.]

# J. T. HOLCOMB, Appellant, v. SAM CLARK, I. C. QUIROZ and MANUEL QUIROZ, Appellees.

1. LANDLORD AND TENANT—PROOF OF POSSESSION BY DEFENDANT DURING TERM OF LEASE AND PAYMENT OF RENT HELD PRIMA FACIE PROOF THAT DEFENDANT WAS IN POSSESSION AS ASSIGNEE OF LEASE.—In action by lessor to recover possession of land, proof that defendant was in possession of premises from time of sale of building thereon until after expiration of lease, and paid same rent stipulated in lease, was *prima facie* proof that defendant was in possession as assignee of lease as alleged, and to defeat recovery it was incumbent on defendant to prove that he was not such assignee.

2. LANDLORD AND TENANT—POSSESSOR OF LEASED PREMISES SUED BY LESSOR AS ASSIGNEE OF LEASE HAS BURDEN OF SHOWING THAT HE IS NOT ASSIGNEE.—Person, not lessee, in possession of leased premises, sued by lessor for possession, after plaintiff makes *prima facie* case, has burden of proof to explain real character of possession, if he is not assignee.

3. LANDLORD AND TENANT—POSSESSOR OF LEASED PREMISES, SUED FOR POSSESSION BY LESSOR, MAY NOT CONTEND THAT HE ENTERED AS TRESPASSER.—One sued for possession of leased land by lessor may not defend on ground that he entered as trespasser, since law presumes, on showing that he had been in possession some time and had paid rent, that he entered rightfully.

4. JUDGMENT—FINDING THAT NEITHER LESSEE NOR PURCHASER OF LEASE ASSIGNED TO DEFENDANT HELD NOT EQUIVALENT TO FINDING THAT DEFENDANT WAS NOT IN POSSESSION AS ASSIGNEE UNDER LEASE.—In action by lessor to regain possession of leased premises, finding that neither lessee nor purchaser of lease assigned to defendant, in absence of finding that at time of defendant's entry purchaser of lease was in possession as assignee of lessee, and that defendant was not assignee by some method other than by assignment from lessee or purchaser from lessee, is not equivalent to finding that defendant was not in possession as assignee of lease so as to render erroneous judgment for plaintiff, based on complaint that defendant purchased lease, went into possession, and held over after expiration of lease.

5. LANDLORD AND TENANT—BURDEN ON DEFENDANT TO SHOW THAT POSSESSION WAS NOT AS ASSIGNEE OF LEASE NOT MET BY PROOF THAT HE HAD NO ASSIGNMENT FROM LESSEE OR PURCHASER FROM

LESSEE.—In action by lessor to recover leased premises on theory that defendant purchased lease and held over after expiration thereof, burden of defendant to show that his possession was not as assignee, after plaintiff had made *prima facie* case was not met by proof that he had no assignment from either lessee or purchaser of lease.

See (1) 36 C. J., p. 612. (2) 36 C. J., p. 612 (1926 Anno.). (3) 36 C. J., p. 610 (1926 Anno.). (4) 36 C. J., p. 613 (1926 Anno.). (5) 36 C. J., p. 612.

APPEAL from a judgment of the Superior Court of the County of Pima. A. C. Lockwood, Judge. Affirmed.

Messrs. Gibbs & Gibbs and Messrs. Richey & Richey, for Appellant.

Mr. John W. Mayes, for Appellees.

JENCKES, Superior Judge. — Appellees, plaintiffs below, brought this action against the appellant, whom we will hereinafter call the defendant, to recover possession of lot 5 in block 9 of Clarkston town site in Pima county, Arizona, on the theory that defendant held possession as assignee of the unexpired term of a written lease between plaintiffs, the owners of the land, and one Frank S. Kaigo; that the term had theretofore expired; and that defendant was holding over contrary to the terms of the lease. Plaintiffs, after setting forth the lease, alleged that defendant purchased from Kaigo or his assigns all the right, title and interest of said Kaigo or his assigns in and to said lease, and received an assignment thereof. Plaintiffs further alleged that, after purchasing all the right, title and interest of the said Kaigo or his assigns, defendant "entered into possession of said premises and paid unto the plaintiff rental for four months in accordance with the terms of

said agreement, and the defendant has at all times since entering been and now is in possession of said tract of land''; that the said lease expired February 21, 1921, and the defendant ''holds over and continues in possession of the said demised premises without the permission of the plaintiffs and contrary to the terms of said lease,'' and prayed judgment for the restitution of the premises. The defendant filed a general denial, and, the cause coming on for trial, the court, at the conclusion thereof, made its findings of fact and conclusions of law, and gave judgment in favor of the plaintiffs for the possession of the premises.

The sole assignment of error is that the judgment and conclusions of law upon which it is founded are not supported by the findings of fact; that, whereas the complaint is based wholly and specifically upon a written lease and alleges that defendant purchased that lease and went into possession of the premises and held over under that lease, the findings of fact, on the contrary, show that defendant never had any interest whatever in the lease and never went into possession or held over under that lease or any lease; and appellant contends that, as there is a complete variance between the allegations of the complaint and the facts found by the court, there can be no judgment for plaintiffs thereon.

The findings of fact pertinent to the question presented upon this appeal are substantially as follows: That plaintiff leased the premises for the term of five years from February 22, 1916, at the monthly rental of $10, to the said Kaigo, who entered into possession and constructed thereon a building known as the Eagle Hotel, the lease being in writing as set forth in the complaint. That thereafter, about July, 1919, Kaigo transferred by

bill of sale to the J. D. Halstead Lumber Company the said Eagle Hotel and his leasehold interest in said premises. That the lumber company took possession of the building and premises and retained possession thereof until the thirty-first day of October, 1919, when by bill of sale it conveyed the said hotel building to one W. G. Holcomb, a brother of defendant, residing in Idaho, ''but did not convey or assign the said lease or any rights thereunder except the title to said building, and that said lease was never at any time assigned by either the said Kaigo or the said J. D. Halstead Lumber Company to the said W. G. Holcomb or to the defendant.'' That in the purchase of the building from the Halstead Lumber Company the defendant, acting as agent for his said brother, paid over the purchase price and entered into possession of the said building on or about October 31, 1919, and has since remained in possession thereof, first as agent for his brother and from and after March 17, 1921, for himself, the said building having passed to him by purchase from his brother on said last-mentioned date. That after so taking possession the defendant paid to the plaintiff rent for the demised premises at the rate of $10 per month for five months from November 15, 1919, to April 15, 1920, and thereafter neither defendant nor the said W. G. Holcomb paid any rent whatever for said premises. That, when the Halstead Lumber Company purchased from Kaigo, it paid to plaintiffs rent in advance to and including November 15, 1919, and plaintiffs then agreed that the building might be removed at any time and the lease thereon terminated, provided that, if not removed before November 15, 1919, the regular rent at $10 per month was to be paid on and after said date.

The substantial variance between the allegations of the complaint and the court's findings of fact which appellant contends is fatal to recovery by plaintiffs is with respect to the alleged purchase by and assignment to the defendant of the right, title and interest of said Kaigo or his assigns in and to said lease. Appellant's position is that, because the trial court found that the lease was never at any time assigned by either Kaigo or the Halstead Lumber Company to W. G. Holcomb or the defendant, there could be no relationship of lessor and lessee, and no other relationship between plaintiffs and defendant existing under that lease. It is to be noted here that there is no finding by the trial court that at the time of the sale of the hotel building to W. G. Holcomb the Halstead Lumber Company had not· theretofore assigned the lease to someone other than either W. G. Holcomb or the defendant and was still in as assignee; nor is there a finding that defendant was not an assignee by some other method than by assignment from Kaigo or the Halstead Lumber Company.

By showing the defendant to have been in possession of the leased premises from the time of the sale of the building by the lumber company on or about October 31, 1919, until after the expiration of the term of the lease, and paying rent to the plaintiffs, the lessor in said lease, at the same monthly rental stipulated therein for a period of five months from and after November 15, 1919, the date to which the rent due under the lease had theretofore been paid, the plaintiffs made *prima facie* proof under their complaint that the defendant was in possession as assignee of the lease therein set forth. 36 Corpus Juris, 434: 1 Tiffany, Landlord and Tenant, 950, par. 153. To defeat a recovery

by plaintiffs it was then incumbent upon the defendant to prove that he was not such assignee.

"Where a person other than the lessee is shown to be in possession of leased premises, paying rent therefor, the law will presume that the lease has been assigned to him. This presumption may be overthrown by showing that a different relation exists between himself and the lessee, such as subtenant, agent or occupant of a part of the premises under a license from the lessee, who retains the possession originally given him by his lessor." *Dey* v. *Greenebaum*, 82 Hun, 533, 31 N. Y. Supp. 610; *Bedford* v. *Terhune*, 30 N. Y. 453, 86 Am. Dec. 394; *Cross* v. *Upson*, 17 Wis. 618; *Frank* v. *New York, L. E. & W. R. Co.*, 122 N. Y. 197, 25 N. E. 332; *Ecker* v. *Chicago, B. & Q. R. Co.*, 8 Mo. App. 223; *Leadbetter* v. *Pewtherer*, 61 Or. 168, Ann. Cas. 1914B, 464, and note, with cases therein cited, 121 Pac. 799.

This court recognized this as the law of this state in the case of *McKee's Cash Store* v. *Otero*, 19 Ariz. 418, 171 Pac. 910.

In *Cross* v. *Upson, supra,* the court said:

"There can be no doubt . . . that the law infers an assignment from the fact of entry and occupation. A like presumption arises from payment of rent. But in either case it is only a presumption—*prima facie* evidence merely—and liable to be rebutted by proof that the person charged as assignee never in fact had an assignment of the lease. This may be done, not only by showing an undertenancy, which is the relation ordinarily established between the lessee and the party in possession by proof that there was no assignment, but by showing other facts disproving an entry as assignee. . . . If he enters with the lessee's assent, but without assignment, the result must be an undertenancy of some kind, for years, from year to year, at will or by sufferance."

In *Frank* v. *New York, L. E. & W. R. Co., supra,* the court said:

"The appellant company, right after its organization, entered into possession of the property covered by the lease, and it has remained in possession and has operated the railroad ever since, yet it failed to show upon the trial in what capacity it entered or by what authority it operated the road. . . . It cannot be heard to say that it entered as a trespasser, for that would be asserting its own wrongful act as a defense to the claim of one who had the right to waive the tortious element, if it existed, and to insist upon the entry as valid with all the consequences that may be implied therefrom. . . . The law presumes, under the circumstances, that it entered rightfully."

In *Ecker* v. *Chicago, B. & Q. R. Co., supra,* the court said:

"The fact of the assignment of a lease is one of which the lessor may not be cognizant, but the party in possession necessarily knows whether he is in as assignee or not. It is for him, therefore, to disclose the true state of his title; and if there has been a lease, and the lessor finds one in possession who is not the lessee, the lessor is warranted in presuming that he is in as assignee of the term. Defendant, being in possession paying rent, was in, *prima facie,* as assignee of the term. If such be not the fact, it is open to the one in possession to explain what the real character of his possession is. He may show, for instance, that the lease is at an end, and that the term had expired when he entered, if such be the fact, or that he was in as subtenant."

It is apparent from all these cases that it is incumbent upon a defendant in possession of leased premises under such circumstances, in order successfully to bear the burden of proof imposed upon him thereby, to explain what the real character of his possession is, if he is not an assignee of the term.

The character of defendant's possession does not appear from the findings, except by inference, as we will show later; and counsel for appellant take the position in their brief that that is something with which the defendant was not at all concerned in the trial of this cause.    They say:

"Appellant will present in due course a complete defense to any claim of appellees to any right to possession of the premises as against this appellant."

And again:

"If appellant is a tenant at all of appellees, he is a tenant under some other condition, but not as a lessee under the lease pleaded. . . . If appellant was another kind of tenant (which we do not admit and are ready to meet if called upon), that is not in issue, and is outside of the pleadings and issues. . . . After the building was sold by the Halstead Lumber Company to W. G. Holcomb, and without authority from appellees or the Lumber Company, and so far as any evidence is disclosed, without let or authority from W. G. Holcomb, the appellant J. T. Holcomb takes physical possession of the building and occupies the same. . . . It would seem to us that, if there be a tenancy existing at all on the part of appellant, he is either a subtenant of the lumber company or a tenant of appellees totally independent of the lease."

From this it would appear that there was no attempt by defendant upon the trial to disclose the true character of his possession, and how the trial court reached the conclusion of fact that the lease "was never at any time assigned by either the said Kaigo or the said J. D. Halstead Lumber Company to the said W. G. Holcomb or to the defendant" we can only surmise.

If that finding is to be given the full import claimed for it by appellant, the result would be, as announced in *Cross* v. *Upson, supra,* that de-

fendant was in possession as undertenant of some kind of the lessee's assignee, Halstead Lumber Company. He cannot be heard to say that he entered as a trespasser, for the law presumes, under the circumstances, that he entered rightfully. The inference would be that he was in as undertenant of the lumber company, and if such were the case, appellant's contention that the judgment is not supported by the findings of fact would be correct, for then there would be no privity either of contract or of estate between plaintiffs and defendant arising out of the lease. On the other hand, if he is not such undertenant, the inference is that he is in as assignee, under the lease.

Before we can say that defendant was in as undertenant of the lumber company, it must appear that at the time of his entry the lumber company was still in possession as assignee of Kaigo, and that defendant was not an assignee by some other method than by assignment from Kaigo or the lumber company. As before stated, there are no such findings by the trial court, and, such being the case, the finding that neither the lumber company nor Kaigo assigned to the defendant is not equivalent to a finding that defendant was not in possession as assignee under the lease.

Not only is it possible that there was an intermediate assignee between the lumber company and the defendant, and that the latter was its assignee if not assignee of the lumber company, but it is also not impossible that defendant became assignee by operation of law as, for instance, by purchase under an execution sale. To be sure there is nothing in the court's findings to indicate that either of such contingencies arose, but on the other hand neither is there anything to show that they did not arise.

The burden was upon defendant to show that his possession of the premises was not as assignee of the lease, and now we are asked to find that he has successfully carried that burden by proving that he had no assignment from either Kaigo or the lumber company, and therefore, as matter of law, he is subtenant to the lumber company; whereas, on the contrary, he is by presumption of law in as tenant of plaintiffs until he has closed all doors leading to such presumption, which he has not done. If defendant was content to rest his case upon the success or failure of his attempt to show that he was not assignee, without disclosing the true character of his possession, he must abide the consequences, if he has not successfully carried that burden.

The judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.

LOCKWOOD, J., having been disqualified, Honorable JOSEPH S. JENCKES, Judge of the Superior Court of Maricopa County, was called to sit in his stead in the decision of this cause.