[Civil No. 2512.  Filed October 28, 1926.]

[250 Pac. 252.]

SAM CLARK, Y. C. QUIROZ and MANUEL QUIROZ, Appellants, v. J. T. HOLCOMB, Appellee.

Mr. John W. Mayes, for Appellants.

Messrs. Richey & Richey, for Appellee.

JENCKES, Superior Judge.—This is an appeal from the decision of the superior court of Pima county, rendered in an adverse proceeding arising under the provisions of title 53, Revised Statutes of Arizona of 1913, Civil Code, relating to townsites. An issue was framed in said court between appellee as plaintiff and appellants as defendants, pursuant to paragraph 5296 of said title, for the purpose of determining the rights of the respective parties as rival claimants of lot 8, block 43, of the townsite of Rowood, Pima county, Arizona.

A hearing was had in said proceeding before the said superior court on the sixth day of March, 1925, and on June 12th, 1925, the court rendered its decision "that neither party take anything by this action." Appellants assign as error the decision of the court "that the defendants could not purchase said lot, because they were mineral claimants of the mining claim of which this particular lot was a part and were not occupants within the meaning of the townsite law." The record before us does not disclose any such language in the decision of the trial court as is thus quoted by appellants.

The same rules of procedure that are provided by the statutes relating to appeals in civil cases apply to appeals in proceedings of this nature. Paragraph 5298, Rev. Stats. Ariz. 1913, Civil Code. Therefore appellants, in order to obtain a review of the pro-

ceedings had in this case before the lower court, are obliged to conform to those rules. The abstract of record submitted does not contain any of the evidence adduced at the hearing and upon which it is presumed the court rendered its decision, and no statement of facts, bill of exceptions, or reporter's transcript was filed. Appellants set forth in the abstract and in their brief copies of correspondence with the trial judge, from which it does appear that the reasons actuating the decision were as complained of in the assignment of error. But the reasoning employed by the judge in rendering judgment is no part of the judgment itself, particularly when it is not incorporated therein and made a part thereof. Very frequently the reasoning employed may be faulty, but the conclusion nevertheless correct. How can we determine whether or not the decision in this case, which the record discloses was rendered after a full and complete hearing, is correct, without knowing the facts upon which it is based? The presumption, of course, is that the trial court found all the facts necessary to support the decision. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226. And if appellants desired a review of the facts and the evidence in support thereof, it was at least incumbent upon them to file a bill of exceptions or reporter's transcript of the evidence adduced upon the hearing.

Where the appeal is from the judgment only, and where there is no bill of exceptions, statement of facts, or reporter's transcript, and no motion for a new trial, the review in this court is confined to the judgment-roll, and when there is no error therein the judgment will be affirmed. *Grounds* v. *Ralph,* 1 Ariz. 227, 25 Pac. 648; *Smith* v. *Blackmore,* 3 Ariz. 348, 29 Pac. 15.

We have examined the judgment-roll for error in this case and find none. The decision of the lower court is accordingly affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LOCKWOOD having been disqualified, Honorable JOSEPH S. JENCKES, Judge of the Superior Court of Maricopa County, was called to sit in his stead.