[Civil No. 2534. Filed March 7, 1927.]

[253 Pac. 897.]

SAM CLARK, Y. C. QUIROZ and MANUEL QUIROZ, O. G. FAILOR, Clerk of the Superior Court of Pima County, Arizona, and WALTER W. BAILEY, Sheriff of Pima County, Arizona, Appellants, v. J. T. HOLCOMB, Appellee.

Mr. John W. Mayes, for Appellants.

Messrs. Richey & Richey, for Appellee.

JENCKES, Superior Judge.—The appellee, J. T. Holcomb, filed his bill of complaint in the court below against the appellants praying that they be enjoined from causing to be issued and executed a writ of restitution in that certain cause in said court wherein appellants Sam Clark, Y. C. Quiroz and Manuel Quiroz recovered judgment against said J. T. Holcomb for the possession of lot No. 5 in block No. 9, Clarkston town site, Pima county, Arizona. We will hereinafter refer to that cause as the "possessory action," and to appellee, Holcomb,

as "plaintiff" and appellants Clark and Quiroz as "defendants."

A temporary restraining order was issued which, upon final hearing, was made permanent, and it is from the final decree permanently enjoining the issuance and execution of the writ of restitution that defendants prosecute this appeal.

The allegations of the complaint upon which the lower court granted the injunction are briefly and in substance as follows: Recites the judgment in the possessory action, the appeal by plaintiff to the Supreme Court (ante, p. 18, 250 Pac. 252), and the affirmance thereof. That since the date of the said judgment in the possessory action the defendants have been ousted of any rights in or to said premises by deed of patent from the United States to the judge of the superior court of Pima county, Arizona, as trustee of Rowood town site, conveying said premises to him, whereby he became the owner thereof. That defendants instituted an action against the said judge of the superior court of Pima county as such trustee to quiet title in themselves to said premises, in which action the judgment was that defendants (plaintiffs therein) take nothing. That if issuance of the writ of restitution be not restrained and enjoined, the buildings and improvements on said premises will be destroyed and removed, to the immediate and irreparable damage of plaintiff. That plaintiff is duly and regularly a town-site settler and claimant upon and for said premises and the owner of the improvements thereon, and is lawfully entitled to remain in possession of said premises. By his supplemental complaint the following further allegation is made: That since the filing of the original complaint plaintiff has become and is now the owner in fee of said premises by deed from the town-site trustee.

The temporary restraining order was issued without notice to the defendants, and before filing an answer to the bill of complaint the defendants moved to dissolve such temporary restraining order and to dismiss the bill for want of equity upon its face, which motion was denied by the trial court. The defendants then answered, pleading the judgment in their favor in the possessory action, and further denied that the facts pleaded by plaintiff entitled him to the injunctive relief prayed for.

The situation out of which the appeal in this case arose grew out of a controversy between the defendants on the one side and various claimants of lots in the Rowood town site in Pima county, Arizona. Defendants had located certain mining claims near Ajo in Pima county and established the town site of Clarkston thereon, leasing lots in said town site to various people. In the possessory action plaintiff (defendant therein) was held to be an assignee of one of such lessees, and that action was brought by defendants to obtain possession of the said lot from plaintiff. In the meantime a movement was started to establish the town site of Rowood, which included within its exterior boundaries the mining claims of defendants. In a proceeding instituted by the United States Land Department the defendants' said mining claims were held to be void, and in an action of ejectment brought by defendants against the trustee of the said Rowood town site the town-site location was upheld by this court upon appeal. (See *Clark* v. *Jones, Trustee, etc.*, 30 Ariz. 535, 249 Pac. 551.) During this controversy the plaintiff stopped paying rent to the defendants, but continued to occupy the premises, and after patent issued to the trustee of the Rowood town site he succeeded in obtaining from the said trustee a deed to the lot in question, and, using such deed as the basis of his petition, now asks the court to uphold

his possession and enjoin the issuance of the writ of restitution in the possessory action.

The question raised by this appeal is whether or not the plaintiff was entitled to the relief granted upon this state of facts, or, to state it hypothetically, may a tenant about to be dispossessed by process under a judgment in an action by his landlord for possession of the demised premises come into equity and enjoin the enforcement of the judgment by showing that subsequent thereto he has acquired a title to the said premises paramount to that of his landlord?

It is well settled that, in an action by a landlord against his tenant for the possession of the demised premises, the latter, if in undisturbed possession thereof, is estopped to deny the title of the former as it existed in him at the time of the inception of the tenancy, subject to certain exceptions which have no application here. 35 C. J. 1224, par. 565. This is expressed in the time-worn rule that "a tenant is estopped to deny his landlord's title." 1 Tiffany, Landlord and Tenant, 435. And not only is the tenant precluded from showing that there is an outstanding paramount title in a third person, but also that there is such a title in himself. Id. 464; 35 C. J. 1245, par. 600. The rule applies to the same extent in equity as at law, and the tenant cannot avoid the effect of the estoppel by bringing a proceeding in equity to restrain the action by the landlord. 1 Tiffany, Landlord and Tenant, 451.

In the possessory action brought by defendants against plaintiff, the title to the premises was not brought in issue by the pleadings. As a matter of fact, at that time, the paramount title was in the United States, appellants having entered the premises as a mining claim. Plaintiff, the defendant in that action, could not, as we have seen, have pleaded the paramount title of the United States as a defense to

that action, and did not attempt to do so. But now, having acquired such paramount title, as he claims, by mesne conveyance from the trustee of the town site, he pleads it as the sole basis of the injunctive relief which he seeks here.

Professor Tiffany in his work on Landlord and Tenant, which we have cited, questions the soundness of the decisions of "the strongest courts" in holding that a tenant who has acquired the paramount title may not set it up as against his landlord in an action of ejectment. He says:

"In the case of summary proceedings, the not infrequent statutory provision that no question of title shall be tried in such proceedings would necessarily preclude such a defense. But the applicability of such a rule in connection with an action of ejectment, though supported by the decisions of the strongest courts, is, it is submitted, open to serious question. That the tenant should not be permitted to assert title in a third person in such an action is a most reasonable and necessary rule, since otherwise he would procure the possession, as against the lessor, without any right thereto. But if he has a right to the possession, that is, the superior title, the reason of the rule disappears. The only result of the application of the rule in the latter case is that the tenant is driven to a separate action for the purpose of asserting his title, in disregard of the recognized policy of the courts to avoid circuity of action."

The reasoning thus employed by Professor Tiffany would seem to apply with equal force to the situation presented upon this appeal. The aid of a court of equity may be invoked in a proper case to prevent a multiplicity of suits or a circuity of action. 32 C. J. 88, par. 79. Why, then, should a tenant who, subsequent to judgment for possession in favor of the landlord, has obtained the paramount title, be required to surrender possession, merely to be driven to a separate action to assert his title?

The answer to this question from an abstract point of view, is, we think, that he ought not to be so required, provided the equities as between himself and his landlord are equal. From the point of view of the concrete case presented here, then, the answer to the question, it would seem, should largely depend upon a consideration of those equitable principles which a court of equity will always look to in the determination of questions of this nature. "He who comes into equity must come with clean hands." "He who seeks equity must do equity."

The record in this case discloses an utter lack on the part of plaintiff of any offer to do equity to the defendants, and not only that, but the original bill upon which the temporary restraining order was issued did not even allege that plaintiff held any title to the premises. In a suit for an injunction one of the essential elements of the bill is that plaintiff allege "that he has done or is willing to do everything which is necessary to entitle him to the relief sought." 32 C. J. 333, par. 549; 21 C. J. 400, par. 421.

Defendants' motion to dissolve the temporary restraining order and dismiss the bill for want of equity upon its face ought to have been granted. It might be highly inequitable to prevent defendants from reaping the benefits of their judgment in the possessory action, and from what we know of the situation of the parties, by reason of the fact that they have already been before this court, not only in the possessory action, but in a proceeding involving rights under the town-site act (*Clark* v. *Holcomb*, *ante*, p. 18, 250 Pac. 252), it seems to us that it is quite likely that it would be. A reference to the facts found in the possessory action (*Holcomb* v. *Clark*, 27 Ariz. 573, 234 Pac. 1075), discloses that plaintiff has been in continuous possession of the disputed premises since April 15th, 1920, without paying any

rent to defendants, although his occupancy and possession was as assignee of a lease from appellant to his predecessor therein, whereby the lessee agreed to pay a rental of ten dollars per month.

Without discussing the equitable or inequitable features of plaintiff's conduct in so manipulating events that he succeeded in procuring for himself from the town-site trustee the legal title to the premises as against the claim of his landlord thereto, and without considering what relief a court of law might afford him in an action of ejectment against defendants, we are quite clear that a court of equity ought not to grant him injunctive relief without an offer on his part to do equity—that is, at least, to pay rent for the use of the premises prior to the time he acquired title or to show some valid reason why he ought not to be required to pay it.

The allegation by plaintiff that defendants, if repossessed, will demolish, tear down and remove from the premises the plaintiff's buildings and other improvements, not being founded upon any alleged conduct or declarations of defendants, would seem to be an entirely unwarranted assumption. Surely it cannot be assumed that because one is about to be put into possession of property of which he is not the owner, he will, immediately upon being put into possession, proceed wantonly to destroy it. Such an allegation, if properly supported, would no doubt warrant the issuance of an order restraining the commission of such acts, and appellee would have no difficulty upon proper showing in obtaining such an order, but it is wholly insufficient as a basis for the injunctive relief granted.

The judgment is reversed and the cause remanded to the court below, with directions to dissolve the injunction and dismiss the complaint.

ROSS, C. J., and McALISTER, J., concur.

Associate Justice ALFRED C. LOCKWOOD, deeming himself to be disqualified upon this appeal, Honorable JOSEPH S. JENCKES, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in his stead.