[Civil No. 4577.   Filed April 12, 1943.]

[135 Pac. (2d) 880.]

RAYMOND QUON and LILLIAN QUON, Husband and Wife, Appellants, v. EUGENE F. SANGUI-NETTI, Trustee Under the Last Will and Testament of Lilah B. Sanguinetti, Appellee.

Mr. Joe L. Green, for Appellants.

Mr. William H. Westover, for Appellee.

ROSS, J.—This is an action for rent under a written lease dated November 22, 1938, from Lilah B. Sanguinetti to Raymond and Lillian Quon, of Lots 14 and 15, Block 11, Townsite of Gadsden, Yuma County, Arizona, and the fixtures of the store building situated on said lots, for the term of five years from November 20, 1938 at the stipulated rental of $40 per month.

The Quons paid the rent to the lessor and her successor in interest Eugene F. Sanguinetti up to and including the month of February, 1941, and $23.58 to be applied on the rent for the month of March, 1941. Since said payments they have refused to pay rent and this action was commenced October 30, 1941 for the stipulated rent for the balance of the term, basing the right to recover upon this language in the lease:

"Should any payment not be made as herein agreed, the party of the first part (lessor) may declare the entire amount of rent due on demand.".

The defendants, the Quons, did not deny the truthfulness of the allegations of the complaint but set up as a defense that said premises were, on January 20, 1941, sold by the State of Arizona at a tax sale to Raymond Quon, Jr., their infant son, who, they allege, evicted them and compelled them to recognize him as owner of the premises and consequently their landlord.

The trial was had before the court without a jury and resulted in a judgment in favor of plaintiff for the balance of the rent due under the lease, to wit, $1,256.42. From this judgment the defendants appealed.

■ There is no question about the facts. We think it may be stated as the universal law that a tenant who enters upon premises under a lease may not question his landlord's title as long as he has not been evicted therefrom. That rule has been recognized and followed in this jurisdiction in the following cases: *Lynch* v. *Clark,* 20 Ariz. 261, 179 Pac. 960; *Clark* v. *Holcomb,* 31 Ariz. 378, 253 Pac. 897; *Gibbs* v. *Basham,* 53 Ariz. 357, 89 Pac. (2d) 630; *Eckert* v. *Miller,* 57 Ariz. 94, 111 Pac. (2d) 60. Besides, this is the statutory rule. Section 71-301, Arizona Code 1939, reads, in part:

"*Tenant estopped to deny title—Liability of person in possession.*—When a person enters into the possession of real property under a lease, he shall not while so in possession deny the title of his landlord in an action brought upon such lease by such landlord, or a person claiming under him. . . . "

■ The facts are that defendants, while in possession of the premises as tenants of the Sanguinettis, bought a tax title thereof from the state, which was taken, not in their names but in the name of their infant son. The evidence is that they, and not the son, paid the consideration for such title and such was the court's finding. These facts show that defendants were not in a position at any time to assert and prove own-

ership in themselves and that the claim that the infant son was the purchaser was a mere subterfuge.

We think the Quons were within their rights when they purchased from the state a tax title of the premises and that thereby they acquired the property here involved. We so held in *Sanguinetti* v. *Quon,* 59 Ariz. 298, 126 Pac. (2d) 804.

There is a wide distinction between the rights of defendants to buy the adverse title and their right to assert such title against their landlord. We think the law applicable to the facts of this case is well stated in 32 American Jurisprudence 118, section 113, as follows:

" . . . Some authorities have expressed the view that a tenant cannot acquire a title which is adverse to his landlord's title, and that where he does so it will be presumed that his purchase was made for the benefit of and to protect the landlord's possession. Others take the position that while the relation of landlord and tenant prevents the tenant from setting up any adverse title against his landlord, it does not prevent him from buying up a title to be asserted after termination of the tenancy, and the redelivery of the premises to the landlord. Under this rule, a tenant may acquire a title other than that which his landlord has or had, but he cannot avail himself of it while retaining possession of the land. A *fortiori,* if a lessee under a defective title is disturbed by a party having a paramount title, he is not restrained by his lease from purchasing the paramount title, without the consent of his lessor, although he has not been evicted or ousted. Clearly, however, a tenant during his tenancy and while possession is retained is estopped to assert a title adverse and superior to that of the landlord, which he acquired during the tenancy. Unless he has been evicted by the owner of the paramount title or has surrendered possession to his landlord, he is estopped to make such assertion. . . . "

To suggest that Raymond Quon, Jr. has evicted his father and mother from the premises, either actually or constructively, is not in accord with the facts.

He is their infant child. The family, including Raymond Quon, Jr., continued in a possession obtained by them through a lease from Mrs. Sanguinetti and under the law are forbidden to assert they are in possession under some other title or source of title. They bought the tax title to the premises with full knowledge of the lease and it was their moral and legal obligation to live up to its terms as long as they held undisputed possession and occupancy thereof. Just what the rights of the parties would have been had the purchaser of the state's tax title not been a member of the lessees' family, but some one acting in his own right and independent of the lease, we do not decide.

The trial court gave plaintiff judgment for the balance of the rent due under the lease and we think such judgment was justified under the law. The judgment is affirmed.

McALISTER, C. J., and STANFORD, J., concur.